### In re TALBOTT.

#### (District Court, W. D. Georgia, S. D. May 31, 1902.)

1. BANKRUPTCY—EXEMPTIONS—PROCEEDS OF ASSIGNED PROPERTY.

A bankrupt may claim his exemptions, allowed by the laws of Georgia, from the proceeds of property which he had assigned for the benefit of creditors after such proceeds have been recovered by his trustee.

In Bankruptcy. On application for homestead exemption.

C. H. Hall, Jr., Washington Dessau, Nathaniel E. Harris, and Walter A. Harris, for bankrupt.

T. S. Felder and George S. Jones, for objecting creditors.

SPEER, District Judge (orally). This is a very strenuous effort to defeat the application of the bankrupt for homestead, but it is based upon a cardinal misconception of the duty of the court in setting aside such exemptions. The misconception is that the bankrupt law and the homestead law of the state, both relating to exemptions, are construed by counsel for objectors with the utmost strictness and narrowness, whereas a fundamental principle with regard to judicial determinations of applications for exemptions is that they shall be construed with all the liberality proper and possible under the circumstances.

Now, what were the facts in this case? Ellis M. Talbott had recovered by a proceeding in the circuit court a judgment against Lancaster, receiver, amounting to some thousands of dollars. Talbott became involved in his business. That was the business of a broker. He had a partnership with a Mr. Palmer. His firm failed, and to secure his creditors he assigned to a trustee the judgment which he had obtained in the case against Lancaster. The assignment was made in writing, and is as follows:

"For value received I hereby transfer and assign to L. S. Worsham, trustee, all my interest in the judgment obtained in my favor in the case of Ellis M. Talbott vs. R. L. Lancaster, Receiver, in the United States circuit court for the Western division of the Southern district of Georgia."

This it otherwise appears from the evidence was an assignment for creditors. It is true, I believe, that it was assigned for the creditors of Talbott & Palmer, but Ellis M. Talbott was himself personally bound to pay those debts, and therefore it was in contemplation of law an assignment for his creditors. This assignment was made within four months anterior to the proceeding in bankruptcy. It was clearly a preference, and upon the proper issue made by the bankrupt

116 F.—27

court it was held to be a preference. The money recovered by virtue of the judgment was paid over to the trustee in bankruptcy, and then, after some delay before the referee and in this court, Mr. Talbott files his application for exemption out of this fund.

Now, it is said that the exemption ought not to be allowed because the title had so completely passed from his control that this fund could not be controlled for the purpose of his homestead. I do not think so. In the first place, there was no such parting with the title on the part of Talbott as relieves this property from the hold which the bankrupt act attaches to it through the trustee for the benefit of the creditors. That has been judicially determined. The property has been recovered for the creditors. It may well be doubted whether the assignment was valid under the state law at all. I rather think that this property could have been subjected to the claims of the general creditors in a proceeding in the state court. But, in any view of it, it was not such a conveyance as that mentioned in the case of McDowell v. McMurria, 107 Ga. 812, 33 S. E. 709, 73 Am. St. Rep. 155, where a man parted with the title to his property, and the state law could not recover it for him, and he could not regain it for himself in such manner as to enable him to have it set apart as a homestead under the Georgia law.

The supreme court of the United States in Bryan v. Bernheimer, 181 U. S. 192, 21 Sup. Ct. 559, 45 L. Ed. 818, passed upon a general assignment, and declared:

"The general assignment made by Abraham to Davidson did not constitute Davidson an assignee for value, but simply made him an agent of Abraham for the distribution of the proceeds of the property among Abraham's creditors. This general assignment was of itself an act of bankruptcy, without regard to the question whether Abraham was insolvent."

Can it be said that in any case where an insolvent debtor makes a preference for the benefit of a particular creditor or for creditors, and thus becomes a bankrupt, he is for that reason to be deprived of the benefit of his exemption under the bankrupt law? I do not think so. I think this would simply nullify that provision of the bankrupt law which secures to him the exemption which could be set apart to him under the laws of the state. Nor do I say this without authority. The case of In re Falconer, 49 C. C. A. 55, 110 Fed. 115, decided by the circuit court of appeals of the Eighth circuit, arose in Arkansas, and in that state the law permits a debtor who is married or the head of a family to select and hold as exempt specific articles, not exceeding in value the sum of $500. It was there held that:

"A bankrupt who is a married man may claim his exemption in money as well as in property, and where, at the time of filing his schedule, he claims articles of property of less value than five hundred dollars, he may amend such schedule to include a sum of money subsequently surrendered to the trustee by a creditor as the proceeds of property transferred to him by the bankrupt, and constituting a preference, and may at the same time claim the remainder of his exemption therefrom."

The court in its opinion discusses this question in a highly satisfactory manner:

"We are of opinion [said Thayer, circuit judge, for the court] that Hamilton did not forfeit his right to claim his exemption out of the personal prop-

erty transferred to the Bank of Clarksville, although such transfer at the time it was made operated as a preference. It was not fraudulent in fact, the conveyance having been made to secure an honest indebtedness due to the bank, but was simply voidable under the provisions of the existing bankrupt law. It ought not to be held, we think, that a transfer of personal property, which is affected with no other vice than that it falls within the prohibition of the bankrupt law against preferring creditors, operates as a forfeiture or waiver of the bankrupt's right to claim such exemption as the law allows out of such property or its proceeds when it has been restored to his estate, and comes into the possession of his trustee. It would certainly be a harsh rule, and one not consonant with the humane purpose which has led to the enactment of exemption laws, to hold that if a bankrupt makes a payment, or transfers property by way of security, to one of his creditors, and such money or property is subsequently recovered by his trustee, and becomes a part of his estate which the bankrupt court is called upon to administer, that no part of the money or property so recovered can be set apart to the bankrupt to satisfy his claim for exemption, although he may have no other property out of which the amount of his statutory exemption can be paid. The present bankrupt law does not make it a ground for refusing a discharge that the bankrupt has transferred property to one or more of his creditors, which operates as a preference, and we perceive no adequate reason for holding that such a transfer of property places the same, or the proceeds thereof, if it has been sold by a creditor, beyond the reach of a claim for exemption when it is restored to his estate. No bankrupt should be deprived of his exemption by a narrow and strict interpretation of laws which were passed for his benefit and prompted by a wise and humane public policy."

This sufficiently expresses the opinion I have with regard to the question before the court. I conclude, therefore, that Mr. Talbott is entitled to his exemption out of the property which was recovered by the trustee, unless in some manner he has forfeited his right thereto. There is no evidence that the right has been forfeited by him. He has been guilty of no fraud. This is wholly unlike the case where one parts with the title to his property in order to defeat his creditors, and is then unable to get it back in order to have it set apart as a homestead or for any other purpose. Nor does it appear that Talbott is in laches. The proceedings in the court have all been regular. There has been some delay in judicial administration, but this is not chargeable to him in such manner as would estop him from setting up the claim for the exemption which the bankrupt act of 1898 permits him to make.

For these reasons the objections are overruled, and order will be taken allowing the exemption.