## In re LONG

(District Court, E. D. Pennsylvania. June 6, 1902.)

### No. 1,166.

**1. BANKRUPTCY—EXEMPTIONS—FROM WHAT PROPERTY ALLOWABLE.**

A bankrupt cannot claim his exemption allowed by the laws of Pennsylvania out of money or property recovered by his trustee from a creditor to whom the bankrupt had given a preference in fraud of the bankruptcy act.

In Bankruptcy. On certificate from referee.

The following is the certificate of the referee:

I, Byerly Hart, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose, pertinent to the said proceedings:

The bankrupt, while insolvent, and within four months of the day of the adjudication, made a payment to a creditor, Isaac Lutz; giving him $35 in cash, and returning to him out of goods purchased by the bankrupt from said Lutz goods to the value of $470. It appeared that Lutz, the creditor, took this payment knowing that the debtor was insolvent, and the trustee called upon him to make return. A compromise resulted, and, as authorized by the creditors, the trustee accepted from Lutz in full settlement the sum of $184.30, which sum the trustee holds for distribution among the creditors.

The schedule filed by the bankrupt does not set out as an asset the liability of Lutz to make return of the preferential payment received knowingly by him. The claim of exemption made by the bankrupt in his schedule filed is to have set aside for him certain specified things and sundry book accounts owing to him, amounting to $58.75, to which, by an amendment, he afterwards added other book accounts amounting to $84.45; the whole claim of exempt property aggregating in value $143.20.

The bankrupt, having learned of the restitution made by Lutz to the trustee of the sum aforesaid, $184.30, thereupon filed a second amendment to his schedule claiming to have set aside for him out of the said sum of $184.30 the sum of $156.80, as the remainder of the whole amount of the exemption allowed by the statute.

The trustee refused to set aside as exempt any part of the sum of $184.30 which he had received from the creditor Lutz, and the bankrupt asked an order requiring the trustee to make the allowance. The referee refused to make the order. The question is, then, this: If a bankrupt shall have given a preference, and the trustee shall recover the amount from the person who has received the preference, may the bankrupt have set aside for him, out of the money or other property recovered, the amount to which the bankrupt would, under other circumstances, be entitled as exempt?

The bankrupt may claim the exemption only out of the estate which he owns, and which is subject to levy and sale upon execution. The liability of Lutz to the trustee to make restitution was not property belonging to the bankrupt. It was not subject to levy and sale upon execution. As the result of the trustee's action, a sum was recovered which is available for distribution among the bankrupt's creditors, but that sum is not the property of the bankrupt in the sense that out of it he may claim exemption. The case is like that of the proceeds of the sale of a license to sell liquor, which are distributed among the bankrupt's creditors, but the bankrupt may not have his exemption out of such proceeds. When the bankrupt made the payment to Lutz he parted with the property, and nothing he could do could reinvest him with the title. The fact that the trustee may recover does not put the title back in the bankrupt.

At the time of the adjudication, the time at which the claim for exemption should be made, if the liability of Lutz to make return was in some

sense an asset of the estate, that asset was a right of reclamation; and, if it was subject to claim as being exempt, the specific thing itself, not the proceeds thereof, was to be set aside; and, if the right of action against Lutz had been set aside to the bankrupt, it would have availed him nothing. He had no claim against Lutz. The trustee does not get his right to proceed against Lutz under section 70, Bankr. Law 1898, providing that he "shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all," etc., but by section 60b, in which he is given the right to recover for the benefit of creditors (not for the benefit of the bankrupt) any payment made within four months, and "the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference."

It has been decided in Pennsylvania cases cited in note "d," Purd. Dig. p. 831, pl. 29, that the debtor may not have exemption out of property conveyed by him in fraud of creditors. This payment to Lutz was, under the bankruptcy act, a conveyance in fraud of Long's other creditors, and he may not have his exemption thereout.

It is said in Re White, 6 Am. Bankr. R. 451, 109 Fed. 635: "The law would be a mockery, and permit a party to take advantage of his own wrong,—if, after having transferred his property in fraud of the bankruptcy act, and compelling the trustee in bankruptcy, at the expense of the estate, to engage in protracted litigation to uncover his fraud and recover the proceeds of the property from the wrong takers, the bankrupt could stand quietly by, and then come in and make his selection of $300 in money out of the fruits of the litigation necessitated by his wrong and fraud. He is within neither the letter nor the spirit of the law." With this opinion the referee agrees, notwithstanding In re Falconer, 6 Am. Bankr. R. 557, 110 Fed. 111, seems to hold otherwise. That case has points of difference with this, and was a decision by a divided court; and, not being binding in this circuit, the referee thinks that it should not be followed against reason.

And the said question is certified to the judge for his opinion thereon.

Chas. M. Bowman, for trustee.
Horace L. Henderson, for bankrupt.

J. B. McPHERSON, District Judge. The report of the learned referee contains a satisfactory discussion of the question submitted, and I need only add that I agree with his reasoning and conclusion. A collection of cases upon this subject will be found in Coll. Bankr. (3d Ed.) p. 85. I think, also, that the referee's order finds further support in the analogy afforded by the rule referred to in Re Haskin (D. C.) 109 Fed. 789, and Re Manning (D. C.) 112 Fed. 948, namely, that a debtor may not claim his exemption, or any part of it, out of the proceeds of a future sale of his personal property.

The order of the referee is affirmed.