## In re LEECH.

(District Court, W. D. Kentucky. December 12, 1908.)

BANKRUPTCY (§ 163*)—VOIDABLE PREFERENCE—TRANSFER OF EXEMPT PROPERTY—"WEARING APPAREL."

A ring, of whatever material or value, is within Ky. St. § 1697 (Russell's St. § 4656), which exempts to a housekeeper with a family all "wearing apparel"; and, being so exempt, its transfer to a creditor by a bankrupt, who is such a housekeeper, does not constitute a voidable preference.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 163.*

For other definitions, see Words and Phrases, vol. 8, pp. 7425, 7426; 7834.]

In Bankruptcy. On review of order of referee.

Order affirmed by Circuit Court of Appeals, 171 Fed. 622.

J. D. Mocquot, for trustee.
J. C. Flournoy, for claimant.

EVANS, District Judge. On August 22, 1908, H. V. Sherrill, the trustee of this bankrupt, filed before the referee a petition for a rule against the bankrupt to turn over to the trustee two diamond

rings, which, having been several years before presented to him by his wife, Mrs. Agnes Leech, had, some weeks before the adjudication, been transferred to her in part payment of a debt of several years' standing which the bankrupt owed to his wife, and which was evidenced by a promissory note given in 1902. The referee, upon the evidence, concluded that the transaction constituted a preference to the creditor, Mrs. Leech, and ordered the surrender of the rings to the trustee. Both the bankrupt and his wife have filed petitions to have the order of the referee reviewed by the court.

In determining these petitions it may be matter of fair doubt whether the order of the referee should not be reversed upon the ground that the testimony does not show a preference in favor of the wife in the transfer of the rings under the rule laid down by this court in the Case of Pfaffinger, 154 Fed. 523, and which, while not referred to by the Circuit Court of Appeals in its opinion in First Nat. Bank v. Holt, 155 Fed. 103, 84 C. C. A. 16, appears to be the same as that established for this circuit in the latter case. As to the contention that this transfer should be controlled by section 2128 of the Kentucky Statutes (Russell's St. § 4631), it may be sufficient to say that we must, in respect thereto, be governed by the ruling of the Circuit Court of Appeals in Re Doran, 154 Fed. 467, 83 C. C. A. 265.

But, whatever weight these two propositions may inherently have, probably they should be disregarded, as the decision of the matter may be made to turn upon section 1697 of the Kentucky Statutes (Russell's St. § 4656), which, inter alia, exempts from liability for the debts of any housekeeper with a family (as this bankrupt is) "all wearing apparel." In Anthony, etc., v. Wade, 1 Bush. 110, and in Morton v. Ragan, 5 Bush, 334, the Court of Appeals of Kentucky, following the general rule, in substance held that, as creditors had no interest in exempt property, they could not be heard to assail any disposition of it which the owner chose to make. That court, however, has never, so far as we can ascertain, construed the words "all wearing apparel," used in the statute last referred to, and we must for ourselves and as best we can ascertain their meaning. If the phrase were "all necessary wearing apparel," we should be permitted to inquire into the question of necessity for personal ornaments of any kind. If the statute limited the value of exempt apparel, we could easily ascertain its limitations. But the statute does neither of those things. We are all familiar with the famous Texas statute, which exempted a debtor's home and probably three horses, and the highest court of that state held that even if the home were a most palatial and most expensive one, or if the horses were the finest and most valuable or costly racers, stallions, or brood mares, it was immaterial, as there were no word to limit or qualify the broad and general language of the statute. In Kentucky the homestead exemption is limited to $1,000 in value, and the horses which are exempt are limited to a value of $150 each. So that, while the Legislature clearly manifests that it knew how to make limitations in respect to the value of exemptions, it chose not to do so as to wearing apparel, but exempted all of it,

of every character, making no limitations, either as to its necessity, its extent, or its value.

The Legislature did not appear to contemplate the possibility (suggested by the trustee's counsel at the argument) of a fraudulent investment in apparel, especially ornamental apparel, with a view to bankruptcy. We do not think the courts would be impotent to deal with a case where, in contemplation of bankruptcy, there had been a fraudulent investment in any kind of wearing apparel or ornament. Manifestly there was nothing of that character in this instance. That rings (whether diamond rings or not) are in the present day apparel, and that they are worn by a very large percentage of the people, male and female, is a fact no one can fail to observe in the ordinary walks of life, and the Kentucky Legislature had knowledge of this general fact in the current affairs of men. If one, by wearing rings, apparels himself in them, those facts fill every element of the phrase "all wearing apparel"; and, as the Legislature did not limit the character or value of such or any wearing apparel, the courts have not the power to change the enactment. In earlier times, possibly, the phrase "wearing apparel" would not at once have been regarded as including rings, especially diamond rings, and particularly for men; but times have changed, manners and habits have become different, and our legislation has adjusted itself thereto, and so must the courts in their interpretation of legislative acts, especially as the rule is general that exemption statutes must be construed with broad liberality. We should have to shut our eyes to an everyday and general custom if we should deny that finger rings are part of the apparel usually worn in certain walks of life, and we should not be misled from the logical result of this fact by the detail that the ring worn in a given instance is diamond, instead of horn or gold or silver. The material out of which the ring is made cannot be important, if the ring is apparel at all; and it is a matter for the Legislature to remedy, should it see fit to do so, by specifying the value of the wearing apparel intended to be exempt, or by making it clear that rings, especially those exceeding a certain value, were not to be regarded as wearing apparel at all within the statute. The courts must get as best they can at the meaning of the statute, and cannot alter or amend its provisions, nor readjust them upon the idea that the Legislature had been guilty of an omission or of a mistake in framing it. While in the earlier cases there was some tendency in a different direction, we are content to follow the lead of Judge Bradford in the case of In re H. L. Evans & Co. (D. C.) 158 Fed. 153, where, after much research, that learned judge reached the conclusion that the language of the Delaware statute, which was precisely the same as that of the Kentucky statute, included rings and other articles of jewelry used for personal adornment or apparel. And, if the rings are exempt in this instance under the Kentucky statute, then the ruling of the Supreme Court in the familiar and often cited case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, clearly applies, and must defeat the assertion of right by the trustee to the rings in question.

171 F.—38

It results that we must reverse the order of the referee in the premises, and direct that the petition of Sherrill, the trustee, be dismissed.