In re SOPER.

(District Court, D. Nebraska, Hastings Division.   June 26, 1909.)

1. BANKRUPTCY (§ 399*)—EXEMPTIONS—PREFERENTIAL TRANSFER OF PROPERTY.
   Where a bankrupt made chattel mortgages within four months prior to his bankruptcy, which were surrendered by the mortgagees as preferences, the effect was to restore the property to the bankrupt's estate as if no mortgage had ever existed upon it; and the bankrupt may claim his exemption therein, free from any claim of the mortgagees, and the mortgages are not revived as to the property so selected.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 400*)—EXEMPTIONS—DUTY OF TRUSTEE TO DELIVER EXEMPT PROPERTY.
   It is the duty of a trustee in bankruptcy, who has set off to the bankrupt personal property selected by him as exempt, pursuant to an order of the referee, and reported the same, to which report no exception was taken, to deliver possession of such property to the bankrupt.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

In Bankruptcy.   On review of action of referee.

F. A. Mulfinger, for bankrupt.
Tibbets, Morey & Fuller and Paul Boslaugh, for trustee.

THOMAS C. MUNGER, District Judge. Lewis A. Soper filed a petition in voluntary bankruptcy, and an order of adjudication was duly made, and thereafter a trustee was appointed. The bankrupt had given to some of his creditors a chattel mortgage on certain personal property within four months of the adjudication, and these creditors filed with the referee a surrender of the mortgage as a preference, admitting it to be a preference, but asserting the mortgage to be a lien upon certain property included in the mortgage which the bankrupt claimed as exempt. The claims of the creditors were allowed by the referee for the full amount against the estate of the bankrupt. The bankrupt set up his exemptions in his original petition, filed with the referee a demand that his exemptions be set off for him, and asked for an order upon the trustee setting off such exemptions. The referee ordered the trustee to set off and deliver to the bankrupt his exemptions as they should be selected by him. The trustee filed a report, following, in substance, the forms prescribed by the Supreme Court (form No. 47),[1] containing a list of the property designated and set apart to be retained by the bankrupt, with the value of each article. At a later date the bankrupt moved the referee for an order citing the trustee to show cause why he failed to place the bankrupt in possession of the property ordered delivered to him as exempt. After a hearing, in which there was no evidence offered, the referee refused to enter any of the orders prayed for by the bankrupt, and the bankrupt filed his petition for review.

The facts as set forth in the petition of the bankrupt for an order upon the trustee are undisputed. To the trustee's report setting aside the exemptions to the bankrupt no exceptions have been filed. The trustee's report was filed June 18, 1908. General order No. 17 [2] requires the trustee to make report of the exempt articles set off to the bankrupt, with the estimated value of each article, and provides that any creditor may take exceptions to the determination of the trustee within 20 days after the filing of the report, and that these exceptions may be argued before the referee, and may be certified to the court for final determination, at the request of either party. The trustee was acting under an order of the referee, dated June 18, 1908, which directed the trustee to set off and deliver to the bankrupt the exemptions selected by him. The trustee's duty under this order was not only to designate the articles belonging to the bankrupt as his exemptions, and to affix a value to each of the said articles, but also to deliver the possession of such articles to the bankrupt. It is shown that the trustee has not delivered the possession of the exempt articles to the bankrupt. The trustee was in possession of such articles prior to the time of making his report, but upon setting them aside as exempt the title to them was no longer in the estate of the bankrupt. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The trustee was entitled to possession only until he ascertained that such articles were exempt, and thereupon it became his duty to deliver such articles to the bankrupt.

The case has been presented upon the theory that the bankrupt, by giving a mortgage to secure certain of his creditors, was guilty of a

[1] 18 Sup. Ct. xii.  [2] 89 Fed. viii, 32 C. C. A. xix.

preference, and that, upon the trustee's recovering the property so conveyed, the bankrupt was not entitled to claim his exemptions in such property, as against the trustee, citing In re White (D. C.) 109 Fed. 635; In re Long (D. C.) 116 Fed. 113; In re Evans (D. C.) 116 Fed. 909; In re Coddington (D. C.) 126 Fed. 891. These cases hold that where a bankrupt conveys or mortgages property, and the transaction amounts to a preference, after the trustee has been put to the expense and inconvenience of recovering the property so conveyed, the bankrupt cannot claim his exemptions in such property.

The effect of the surrender of the preferences received by the creditors was to restore the property of the bankrupt to his estate as if no mortgage had ever been made upon the property. The bankrupt has not lost his right to claim his redemptions, unless it is because of the mortgage given by him. The trustee did not obtain the property under this mortgage, but in hostility to it. It came into his hands unburdened by the mortgage, and as if the mortgage had never been given. Therefore neither the trustee nor the bankrupt are estopped by the terms of the mortgage. From the time the trustee took the property until such time as the bankrupt should assert his claim of exemptions, the trustee had the title to all of the property, and the mortgage was no lien upon any portion of it. Upon the assertion of the right of the bankrupt to his exemptions, the mortgage was not revived upon the articles selected as exempt. The title of the bankrupt is a new title, in effect antedating the mortgage, because the mortgage was given within four months of the bankruptcy. Upon the restoration of this property to the bankrupt's estate, it was subject to the exemptions of the bankrupt. In re Falconer, 110 Fed. 111, 49 C. C. A. 50; Bashinski v. Talbott, 119 Fed. 337, 56 C. C. A. 241; In re Talbott (D. C.) 116 Fed. 417; In re Schuller (D. C.) 108 Fed. 591.

The question now presented is not as to the right to have such exemptions declared or set aside to the bankrupt, but as to the effect of the order of the referee, and of the setting aside of such articles by the trustee. No exceptions were taken to these acts of the referee and trustee, and they have become final. The trustee's report setting aside the exemptions of the bankrupt is not a mere statement of the abstract right of the bankrupt to such exemptions, nor is the bankrupt required to proceed in the state courts to recover such exempt articles from the trustee. It is the duty of the trustee to surrender his possession of the personal property which he set apart to be retained by the bankrupt as exempt, and the bankrupt was entitled to the order asked for, requiring the trustee to show cause why he failed to place the bankrupt in possession of the property.