BANK OF MENDON, Appellant, v. R. J. MELL, Respondent.

Kansas City Court of Appeals, December 7, 1914.

1. BANKRUPTCY: Mortgages: Exemption: Replevin. A defendant conveyed his stock of merchandise by chattel mortgage to secure a plaintiff's note and was thereupon adjudged a bankrupt for unlawful preference and all the mortgaged property was seized by the bankruptcy court; but on his claim of $300 worth of it as exempt under the Missouri statute, the Federal court allowed him to select from the whole that amount in value and restored it to him. It was *held*, that it remained liable as security for plaintiff's debt and that he could maintain replevin for it.

2. ———: Bankruptcy Court: Jurisdiction: Exemptions. The Federal bankrupt law recognizes the exemption statutes of the States and Federal court of bankruptcy only take possession of exempt property for the purpose of segregating it from parts not exempt and restoring it to the debtor; and it has no jurisdiction to do otherwise.

3. ———: Exemption: Specific Exemption. There is no difference noted in the Federal bankruptcy statute between property specifically exempt and that which is selected by the bankrupt. In either case, the exempt property is restored to the debtor and becomes or remains liable to liens he has put upon it.

4. ———: State Laws. When exempt property is ordered by the Federal bankruptcy court to be restored to the debtor, it becomes liable to the State laws as though there had been no bankruptcy proceedings, and if the State law recognizes the validity of a conveyance of exempt property as against the claims of creditors, a vendee of the bankrupt may maintain his claim to the property in the State court.

5. ———: Chattel Mortgage: Description. A description of property in a chattel mortgage in these words is sufficient: "The entire stock of general merchandise located in Allen build-

ing, about $1500 being boxed in rear room of Gehrig's restaurant, value, $3000."

6. ————: Creditors: Exemptions: Conveyance. Creditors have no interest in the debtor's exempt property and consequently his conveyance of it cannot be said to be in fraud of creditors.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. A. Collet* for appellant.

(1) The court of bankruptcy had no jurisdiction over the property in question further than to set it out to the bankrupt as his exemptions, and having no jurisdiction to administer the property, the bankruptcy proceedings would not and could not affect any lien against it, except such as are expressly provided for in the Bankruptcy Act. Collier on Bankruptcy, pp. 185-186; Loveland on Bankruptcy, sec. 179; Lockwood v. Exchange Bank, 190 U. S. 294; Railroad v. Hall, 229 U. S. 511; see also Bankruptcy Act of 1898, sections 67e and 70a. (2) Any lien creditor has a right to enforce his lien against exempt property of the bankrupt after it has been set out to him as his exemptions. Dry Goods Co. v. Nelson, 58 L. R. A. (N. D.) 770; Morris v. Covey, 148 S. W. (Ark.) 257; Thole v. Watson, 67 Mo. App. 591; Re Durham, 104 Fed. 231; In re Remmerde, 206 Federal, 882; Lockwood v. Exchange Bank, 190 U. S. 294; Loveland on Bankruptcy, section 181. (3) This conveyance from Mell to the bank could not be fraudulent as to this property which constitutes his exemptions. Barnes v. Wm. Waltke & Co., 135 Mo. App. 488; Seilert v. McAnally, 223 Mo. 505; Guinan v. Donnell, 201 Mo. 173; Welch v. Mann, 193 Mo. 304.

*Lozier & Morris* for respondent.

(1) When this chattel mortgage was executed and the adjudication of respondent as a bankrupt was made, the property involved in this suit was not exempt. Stewart v. Stewart, 65 Mo. App. 663; Davis v. Williamson, 68 Mo. App. 310; Parketon v. Pugsley, 142 Mo. App. 548; Bank v. O'Donnell, 156 Mo. App. 212; Alt v. Bank, 9 Mo. App. 91; Hombs v. Corbon, 20 Mo. App. 507; Finley v. Barker, 110 Mo. 410. (2) If the chattel mortgage be treated as covering only the property selected by respondent as exempt after the adjudication, then it is absolutely void, because no specific goods are described and the mortgaged property could be ascertained only when a selection was made by respondent out of the general mass of goods named in the mortgage. In re Schuller, 108 Fed. 591; Fowler v. Hunt, N. W. (Wis.) 481; Zielke v. Morgan, 7 N. W. (Wis.) 651; Bong v. Parmentier, 58 N. W. (Wis.) 243; Lafayette County Bank v. Metcalf, 29 Mo. App. 394; Stonebraker v. Ford, 81 Mo. 538; Dawson v. Cross, 88 Mo. App. 296.

ELLISON, P. J.—This is an action of replevin for a lot of personal property in which the judgment in the circuit court was for the defendant. The cause was submitted to the trial court on an agreed statement of facts, from which it appears that within four months prior to the 13th day of February, 1912, defendant conveyed the property of which that in controversy is a part, to plaintiff to secure a note for $1478. And that on that day he was adjudged an involuntary bankrupt by the United States District Court. That a trustee was appointed who took charge of defendant's property, including that claimed by him as exempt, that being the part now in controversy. And that defendant duly made claim of his exemptions to which he

was entitled under the statutes of Missouri, as a head of a family. That this exempt property is not specifically, by name, exempt from the claims of cred- itors, but that defendant was entitled to $300 worth of property, not specifically exempt, which, under the State statute, is to be selected by defendant. It was further admitted that the referee in bankruptcy or- dered the trustee to set apart to defendant such prop- erty as he might select, not exceeding said sum of $300, and that defendant selected the property in controversy; and such selection was duly approved by the bankruptcy court. That the bankruptcy court adjudged the chattel mortgage to be an unlawful pref- erence and that its execution was an act of bankruptcy on defendant's part, and this finding and judgment was not appealed from by plaintiff. That after bring- ing this suit, plaintiff executed a release to the trustee in bankruptcy of all claim to the property conveyed in the mortgage, except the exempt property involved in this action. It was further admitted that the de- scription of the property in the chattel mortgage was as follows: "The entire stock of general merchandise located in Allen building, about $1500, being boxed in rear room of Gehrig's restaurant, value $3000," and that plaintiff never took possession of any of the property prior to this replevin suit.

From the foregoing it will be seen that defendant conveyed a stock of merchandise to plaintiff valued at $3000 to secure a note of $1478, and that said con- veyance was adjudged to be an act of bankruptcy and the property placed in the hands of a trustee in bank- ruptcy. But that afterwards, on the claim of defend- ant, $300 worth of the property was selected out of the whole by him and was, by order of court, set apart for him by the trustee and that when set apart to him plaintiff asserted its right under its mortgage, by having it seized in this action by its writ of re-

plevin. The question is, has plaintiff a legal right or lien under the mortgage.

By the terms of sections 67e and 70a, 30 U. S. Stat. at Large, 564, 565, the mortgage being made within four months prior to filing the petition in bankruptcy against defendant, the property described therein became a part of his estate in bankruptcy and passed to the trustee, *except* that which is "exempt from execution and liability for debts by the law of" Missouri. So, while section 67f of the Federal statute, in general terms, nullifies liens against the debtor's property, it means liens "obtained through legal proceedings," and not the lien on exempt property which has been created by contract; for "these may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed." [Chi. B. & Q. R. R. v. Hall, 229 U. S. 511, 516.]

We do not see any good reason back of defendant's claim that the law we have stated only applies to property specifically exempt. The language of the Federal statute does not justify such distinction. The statute vests the title to the property of the involuntary bankrupt in the trustee except (without qualification) "exempt" property. All other property passes to the trustee for administration for the creditors. The statute of bankruptcy does not limit, or cut out, the State exemption laws; on the contrary, it recognizes such laws, and the bankrupt is entitled to the same amount and kind of exemption as is a debtor who is not a bankrupt. It is true that, in the first instance, all of the bankrupt's property passes to the possession of the trustee in bankruptcy, but not for the purpose of vesting title to that part of it which is exempt, for he has no title to that and it only passes to him that it may be duly set apart to the bankrupt. [C. B. & Q. R. R. v. Hall, supra.] There is not only no good reason in this theory of defendant's, but he has no right to advance it. The

·claim of exemption can only concern his creditors in bankruptcy and they are not complaining and have no right to complain; and surely he cannot say the mortgage is invalid as to *him*. It was his voluntary ·act and since his creditors cannot complain, it cannot harm any one else, that he is made to abide by his ·deed.

So it would seem to be too clear for doubt, that when, on defendant's selection, the trustee set apart to him that part of the mortgaged property claimed by him, it put him in possession of what he owned, ·and it remained unaffected by the bankruptcy pro·ceeding and consequently subject to the mortgage as fully as if there had been no bankruptcy. [Lockwood v. Exchange Bank, 190 U. S. 294.]

But it will be seen from our synopsis of the ·agreed facts that the Federal court adjudged the exe·cution of the mortgage to be an unlawful preference and an act of bankruptcy, and that this plaintiff did not appeal from such decision. We think nothing ·detrimental to plaintiff can be made out of this. Manifestly the court was only adjudicating that over which it had jurisdiction. The execution of the mortgage for the property not exempt, was an act of bankruptcy. But a conveyance of exempt property could not affect or influence bankruptcy proceedings, nor ·could such proceedings affect such a conveyance; and the only authority of a court of bankruptcy over that ·class of property is to set apart to the debtor "what, after a hearing, may be found to be exempt." [C. B. ·& Q. R. R. v. Hall, supra.] It has no other or further jurisdiction. [Lockwood v. Exchange Bank, 190 U. S. ·294; Morris v. Covey, 104 Ark. 226, 148 S. W. Rep. ·257; 1 Loveland on Bankruptcy, sec. 427; In re Remmerde, 206 Fed. 822; Dry Goods Co. v. Nelson, 10 North Dak. 580.] It would be going to an unreason·able length to hold that a court had adjudicated upon

the effect of a conveyance of property over which it had no other control than to restore it to its owner.

The exempt property in controversy, having been restored to the defendant by the bankruptcy court, it retained the incumbrance which he had placed upon it before that court took possession of it. If that incumbrance was valid, under our State law, it may be enforced in our State courts. [1 Loveland on Bankruptcy, sec. 427; Morris v. Covey, supra; In re Remmerde, supra; Dry Goods Co. v. Nelson, supra.]

That it was valid under our laws there can be no doubt, for it is held that such conveyance cannot be a fraud upon creditors. [Vogler v. Montgomery, 54 Mo. 577, 584.] "The sale or conveyance of such property is no concern of the creditors, since they have no right or claim thereon." [Guinan v. Donnell, 201 Mo. 173, 212.]

It is suggested by defendant that the mortgage is void for the reason that the descriptive clause, set out above, fails to describe or identify any property. We think this objection not well taken. The description itself, is short, but is specific. Besides, it undoubtedly supplies data, upon its face, from which the property could be ascertained and identified with certainty by inquiry.

To sum up the whole case, the effect of defendant's claim is this: That though the Federal court has adjudged that his creditors have no right to that part of the mortgaged property which he claimed as exempt and has restored it to him, yet *he* may avoid his own conveyance of it; a result not countenanced by any adjudication we have seen.

We think the judgment should be reversed and the cause remanded with directions to enter judgment for plaintiff. All concur.