100

## In re SHURTE.

### GROSS v. SHURTE et al.

### No. 228.

District Court, E. D. Illinois.
April 1, 1930.

Gunn, Penwell & Lindley, of Danville, Ill., for trustee.

Acton, Acton & Snyder, of Danville, Ill., for the bank.

Dyas & Redman, of Paris, Ill., and Jones, McIntire & Jones, of Danville, Ill., for defendants Shurte.

LINDLEY, District Judge.

The trustee in bankruptcy sues to set aside a conveyance of certain real estate which the bankrupt conveyed to his daughter and she to the Edgar County National Bank, it being the intent thereby to mortgage the property to the bank to secure a previously unsecured debt of $4,000 which has not been paid. The property conveyed included the homestead of the bankrupt, and, under the statutes of Illinois, he was entitled to a homestead estate therein to the extent of $1,000 in value. By the conveyance, the bankrupt effectually conveyed and waived his estate of homestead in the manner provided by the statutes. The bank now admits that the conveyance should be avoided as a preference as to the nonexempt property, but insists that it should retain its mortgage upon the homestead estate to the extent of $1,000. The bankrupt admits that the conveyance was void as a preference, but insists that, after canceling the conveyances, the title is subject to the estate of homestead and that the latter should be set off to him by the trustee.

The question of whether a mortgagee may retain exempt property mortgaged with nonexempt property, when the mortgage is avoided as a preference, is one upon which the authorities do not agree. Collier states that the weight of authority is that, when a preferential transfer is set aside, the property is restored to the bankrupt estate and is subject to his exemptions. Collier on Bankruptcy (13th Ed.) vol. 1, p. 309. Remington on the contrary seems to be of the opinion that, in view of the fact that liens upon exempt property cannot constitute preferences since they do not diminish the creditors' assets, where the transferred property out of which the exemption is to come exceeds the value of the exemption allowance, the excess may be recovered as a preference, but that the mortgagee may retain his security upon the exempt property.

In Re Long (D. C.) 116 F. 113, the District Court held that a bankrupt cannot claim his exemption out of property recovered by his trustee from a creditor to whom the bankrupt had transferred the same as part of a preference, using these words: "When the bankrupt made the payment to Lutz he parted with the property, and nothing he could do could reinvest him with the title. The fact that the trustee may recover does not put the title back in the bankrupt." There the court refused to follow the decision of In re Falconer, 110 F. 111; the referee, whom the court affirmed, saying that case differed from the one before the court, was by a divided court, and, not being binding in that circuit, would not be followed.

In Re Coddington (D. C.) 126 F. 891, 893, the court said: "So far as the bankrupt himself is concerned, a preferential transfer is absolute, and cannot be recovered back. He parts with his money or property for the benefit of the creditor to whom it is turned over, who is entitled to retain it except as the transaction is made voidable by the bankrupt act at the instance of the trustee, or a surrender is required before participation can be had by the creditor in the rest of the estate. Manifestly, the provisions which lay

ground for a recovery in either of these ways are not intended for the benefit of the bankrupt, but his general creditors, in order to secure an equal division among all. When, therefore, the trustee proceeds to reclaim, by suit or otherwise, the property which has been disposed of, he does it in the interest of creditors whom he represents, and not of the bankrupt, whom—except remotely and contingently—he does not, and whose act, in fact, he is seeking to undo. In view of this, it would produce a most peculiar and anomalous result if at this stage the bankrupt could step in and assert his exemption to that which had been recovered, and thus defeat the very object for which a right of recovery is given by the act."

To the same effect is the case of In re White (D. C.) 109 F. 635. There a preference was set aside and the petition of the bankrupt for exemptions therefrom was denied. The court remarked that the law would be a mockery and permit a party to take advantage of his own wrong if, after having made a voluntary transfer and compelling the trustee in bankruptcy, at the expense of the estate, to engage in protracted litigation to recover the proceeds of the property, the bankrupt could stand quietly by and then come into court and take as exempt some of the fruits of the litigation necessitated by his act.

In Re Wishnefsky (D. C.) 181 F. 896, 898, the court said: "By the bankrupt's conveyance to one of his creditors of all his property except clothing, he voluntarily gave what under the state statute he could not have been forced to yield. But, when he thus parted with his title, it, so far as he is concerned, was beyond recall."

In Re Bailey (D. C.) 176 F. 990, 992, the court held a preference conveyance valid as to the exempt property, but invalid as to goods over and above the exempt portion, saying: "A mortgage constituting an unlawful preference, where it includes both exempt and nonexempt property, is only voidable by the trustee as to the nonexempt property, and remains a valid mortgage as to the exempt property."

To the same effect is First National Bank v. Lanz, 202 F. 117, 120, decided by the Circuit Court of Appeals for the Fifth Circuit. There the District Court set aside a mortgage, covering the bankrupt's homestead and other property, as an illegal preference, in its entirety. The Court of Appeals reversed the District Court, saying that "to the extent of the homestead exemption of the bankrupt the mortgage could not operate as a preference, since the general creditors were not entitled to the exempt property in any event."

In Morris v. Covey, 104 Ark. 234, 148 S. W. 257, 260, the court held a mortgage given by a bankrupt upon both exempt and nonexempt property, canceled by the federal court as an illegal preference, while voidable as to nonexempt property, valid as to the exempt property.

In Bank of Mendon v. Mell, 185 Mo. App. 515, 172 S. W. 484, 486, where the bankruptcy court had set aside as a voidable preference a chattel mortgage, and the trustee had set aside as exempt a part of this merchandise so recovered, selected by the bankrupt as exempt, the court held that same remained subject to the mortgage.

In the case of In re French (D. C.) 231 F. 255, at page 265, the court said: "French had the right to mortgage them, and Jewell, under his mortgage, had the right to take and sell them, even if such mortgage was given within the four-month period and constituted a preference. No general creditor of French, and no judgment creditor of French, could have seized, levied upon, or sold these stoves; and, as the title did not pass to the trustee, and as the mortgage, so far as the stoves were concerned, is valid in any event, the proceeds derived from their sale belong to Jewell."

In Gylling v. Kjergaard et al., 293 F. 676, 679, the Circuit Court of Appeals for the Eighth Circuit said: "By his mortgage itself he estopped himself from maintaining any claim to any of his exempt property as against the mortgagees. * * * If all the property described in the mortgage had been exempt, it is certain that the mortgagees could have held it against him and could have enforced, or compelled him to enforce, every right which he had to it when the mortgage was made. No sound reason occurs to us why they have not the same right to enforce for their benefit every right he had in the property described in the mortgage in controversy, which, by his selection, he had the lawful power to render exempt, including the power to select and claim such exemption. Nor does it seem doubtful to our minds in case of his refusal to select and claim such an exemption that it would be the duty of a court of equity to make or cause such selection and claim to be made on the application of the mortgagees." The court came to this conclusion after it had examined the cases now relied upon by the bankrupt.

■ The principle governing in these cases should not be confused with that controlling

where a lien obtained by legal proceedings within four months of bankruptcy is invalidated under section 67f, 11 USCA § 107(f). The latter subsection provides that all liens obtained by legal proceedings within four months, at a time when the bankrupt was insolvent, shall be void, regardless of whether the property is exempt or not. See Chicago, B. & Q. Ry. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306. On the other hand, under section 67e, 11 USCA § 107(e), property voluntarily assigned or conveyed by the bankrupt as a preference may be recovered only if the property conveyed is not exempt from execution. No suit to set aside a preference so created will succeed if the property sought to be recovered is exempt. See Huntington v. Baskerville, 192 F. 813 (C. C. A.); In re Leech (D. C.) 171 F. 591; Vitzthum v. Large (D. C.) 162 F. 685.

In re Soper, 173 F. 116, cited as the chief reliance of the bankrupt, was a District Court decision, and, in view of the later decision by the Circuit Court of Appeals for the same circuit, may be taken as overruled. Furthermore, in the Soper Case it is apparent that the direct question here involved was not before presented to the court, for there the trustee had by order of the referee set aside the exemptions in the manner provided by the statute. This was a binding order unexcepted to by the mortgagee.

The bankrupt cites also In re Falconer, 110 F. 111, decided by the Circuit Court of Appeals for the Eighth Circuit. There the precise question now involved was not presented, for in that case the preferred creditor surrendered the proceeds of the preference and filed its claim in the bankruptcy court. The trustee had set off and paid the bankrupt its exemptions. The creditor had apparently waived its lien. Furthermore, if the decision be considered at variance with the later decision of Gylling v. Kjergaard, it must be considered overruled by the latter.

■■ Cases involving the setting aside of assignments for the benefit of creditors it seems to the court are not in point. Under the Bankruptcy Act such assignments, in case of bankruptcy, are as if they never had been made. They are absolutely void, whereas a preference is valid until and unless by court decree there are established the facts essential to avoid a preference, viz., insolvency, application of payment upon an unsecured debt and reasonable cause upon the creditor's part to believe he is obtaining a preference.

■ Upon careful consideration, in view of the absence of authoritative decision of the Supreme Court or from the United States Circuit Court of Appeals for the Seventh Circuit, after reviewing the authorities, I am of the opinion that, where a bankrupt voluntarily conveys his exempt property with nonexempt property to a creditor without fraud, but solely as a preference, and it is thereafter established in a suit brought by the trustee that at the time of said transfer the bankrupt was insolvent, and that the creditor had reasonable cause to believe that he was obtaining a preference, in view of the fact that the Bankruptcy Act gives to the trustee no title to exempt property, the conveyance must be held valid as to exempt property and invalid as to nonexempt property.

There will therefore be a decree herein avoiding the transfer as to the nonexempt property, but not as to the exempt homestead estate. In case of sale of the property, after appraisement thereof, the lien of the bank under its mortgage will be transferred to the proceeds of sale, and out of the proceeds of sale the bank will receive such proportionate share thereof as is represented by the ratio of $1,000 to the total appraised value. A decree in accordance with this opinion may be submitted.