## JORDAN v. AUTREY.

1. A party who has pointed out property which is exempt from levy and sale by the act of 1833, to an officer having an execution against his goods and chattels, and executed a forthcoming bond, is not estopped from objecting to the sale, and claiming the priviledge which the act affords to a poor debtor; especially if the plaintiff in execution, or some third person, is not prejudiced by the implied waiver of the exemption, as indicated by the direction to levy.

Error to the Circuit Court of Coosa.

THIS is an action of trover, at the suit of the defendant in error, to recover damages of the plaintiff for the conversion of one pair of oxen and an ox-cart. The cause was tried by a jury, but on what plea the record does not discover. On the trial the defendant below excepted to the ruling of the court. It is shown by the bill of exceptions, that the plaintiff proved property in himself, and a conversion by the defendant. The defendant then proved that the oxen and cart in controversy were levied on by one Johnson, a constable—having been first pointed out by the plaintiff, against whom the constable had an execution, and that he voluntarily gave a delivery bond, stating that he did not want them to be taken out of his possession, because he had promised to lend them to a neighbor. Defendant further proved, that at the "usual sales day" by the constable, the oxen and cart were purchased by him. It was also shown, that when the levy was made, and afterwards, plaintiff was in possession of a horse. Plaintiff then proved that he attended the sale, and forbid the same—alledging that the property was not liable to execution. He further proved that the sale was induced by the defendant's executing a bond of indemnity.

The court charged the jury, that if they believed from the evidence, the plaintiff had no other oxen and cart, (and owned no horse at the time of the levy,) but those levied on, then the oxen and cart were exempt from execution, and the plain-

tiff ought to recover. Thereupon, the defendant prayed the court to charge the jury, that if the plaintiff voluntarily pointed out the property to the constable, and gave a forthcoming bond, although he afterwards attended the sale and claimed it as exempt, they should find for the defendant. This prayer was denied. The jury found a verdict for the plaintiff, and a judgment was rendered accordingly.

W. W. Morris, for the plaintiff in error. By pointing out the property to the constable, and the levy of the latter thereon, the plaintiff is estopped from denying that it was exempt from execution; the execution of the delivery bond did not discharge the lien. [Wallace v. Collins, 5 Ark. Rep. 41; Campbell v. Spence, 4 Ala. Rep. 543.] The defendant in execution, by his acts, influenced the conduct of third persons, and should not be allowed to withdraw his assent to the levy. He may have had other property subject to seizure when the levy was made, which he disposed of before the sale, and under such circumstances, the withdrawal of his assent would be a fraud. [Stephens v. Baird, 9 Cow. Rep. 274; 5 N. H. R. 452; 6 Pick. R. 455.]

L. E. Parsons, for the defendant in error. The property in question was purchased by the plaintiff, with the full knowledge that it was not liable to seizure and sale, and he has no reason to complain. If the defendant in execution assented to the levy, such assent was without consideration, and might be withdrawn. [1 Starkie's R. 396; 2 Starkie's Ev. 28, 36; 2 M. & P. Rep. 293; 1 B. & P. Rep. 293; 2 Esp. Rep. 657; 1 Camp. Rep. 245; Cowp. Rep. 232; 6 Pick. Rep. 455.]

COLLIER, C. J.—The act of 1833 enacts, that "one work horse, mule, or pair of oxen, one horse or ox-cart," &c. "shall be retained by, and for the use of every family in this State, free and exempt from levy and sale by virtue of any execution, or other legal process." [Clay's Dig. 210, § 47.] The question presented in the present case, arises upon the charge of the court, and is this, can a party who has pointed out property exempted by the act cited, to an officer having

an execution against his goods and chattels, and upon a levy being made, executed a forthcoming bond, afterwards object to the sale, and claim the privilege which the act affords?

There can be no question that Wallace v. Collins, 5 Ark. Rep. 41, cited by the counsel for the plaintiff in error, favors the idea, that consent being given to the seizure cannot afterwards be recalled.    We understand the court there to say, that where a defendant in execution delivers personal property to an officer, who had levied on it, his property was divested and he could no longer forbid the sale, unless he satisfied the execution in some other way.    We have not examined with care the facts of that case, but are satisfied that the principal laid down cannot be maintained in the unlimited terms in which it has been stated.    If third persons would be affected by the withdrawal of the assent of the defendant in execution, perhaps he should not be permitted to claim the statutory exemption for property which he had pointed out or delivered to the officer.    But the mere waiver of the statute privilege, uninfluenced by any thing extraneous, may be revoked.    We can discover nothing in reason, or legal analogy to prove the reverse, where the levy is assented to, or even approved, unless there is some consideration for it, either of benefit to the defendant in execution, or injury, actual or threatened, to the plaintiff, or some one else. If, in the case at bar, the party had other property which could have been seized to satisfy the execution, at the time the levy was made, which was placed beyond the reach of process, before the sale day, then perhaps the exemption could not afterwards be claimed.    But there is nothing in the record to indicate that such was the fact; if it was, the party who would avail himself of it to estop the defendant in execution, should have shown it.

The view we have taken is sustained by Wallis v. Truesdel, et al. 6 Pick Rep. 455, in which it was explicitly held, that a license by the defendant to sell certain property under execution, unless there is a consideration for it, or something which the law deems an equivalent, may be revoked, and the license does not operate as an estoppel.    So it has been adjudged, that if a levy was assented to under an impression of all parties that it was regular, yet if the property was not seiz-

able uuder execution, the assent being made under a mistake can't affect the right of property in favor of the plaintiff. [Rogers v. Collier, 2 Bailey's Rep. 581.]

In the case at bar, the plaintiff in error can't be considered as occupying a more favorable position than the plaintiff in execution. He should rather be taken to stand in the same predicament; for it is distinctly stated, that he induced the sale by the execution of an indemnifying bond to the constable.

As to the delivery bond, it cannot be regarded as constituting a material feature in the cause—it was executed only to secure the possession of the property to the defendant in execution, until the day appointed for its sale; and had no other effect, either to impair or strengthen the legal consequences of the levy.

It results from what has been said that the law was correctly ruled by the circuit court—its judgment is consequently affirmed.