# DAVIS v. ALLEN.

1. The law exempting certain articles from levy and sale, for the use of families, applies, whether the family is stationary, or moving from place to place. Nor would an intention on the part of the head of the family, to abscond from one part of the State to another, deprive the family of this privilege. Whether an intention even to abscond beyond the limits of the State, would make any difference—*Quere.*

Error to the County Court of Benton.

TRESPASS *vi et armis* by the plaintiff, against the defendant in error, for taking and carrying away a yoke of oxen, an ox cart, bed and furniture, and other household utensils.

The defendant by plea, justified under certain writs of attachment which came to his hands as an officer, and which he levied upon the property. To which the plaintiff replied, that he was a resident of Benton county when the attachment issued; that he was the head of a family, and that the articles levied on were exempt from levy and sale by law.

Upon the trial, as appears from a bill of exceptions, testimony was introduced tending to prove, that at the time of

the levy, the plaintiff was about removing from Benton county to the southern part of the State, or to some other part unknown to the witnesses.

The plaintiff's counsel asked the court to charge, that unless the jury believed from the evidence, that the plaintiff was about removing beyond the limits of the State, the fact that he was removing to another county of the State, would not deprive him of the benefit of the act exempting certain articles from levy and sale; which charge the court refused, and charged the jury, that if the plaintiff had no permanent place of residence within the State, such as persons of his occupation usually have, but was moving about from place to place, rendering his place of residence uncertain, he was not entitled to the benefit of the act.

That if he was in a flying condition, such as is usually called running away, even although he was not going beyond the limits of the State, he was not within the provision of the act. To all which the defendant excepted, and now assigns as error.

S. F. RICE, for the plaintiff in error, cited Hollinger v. Smith, 4 Ala. 369; Cothran v. Moore, 1 Id. 423; Toulmin v. Lessesne, 2 Id. 359; Sims v. Sims, 8 Porter, 449.

ORMOND, J.—The statute governing this case, provides, that certain articles of property which are described, "shall be retained by, and for the use of every family in this State, free and exempt from levy and sale, &c. [Clay's Dig. 210, § 47.] The policy of the law, secures the exempt articles from levy and sale, for the use of the family, every where within the limits of the State; and certainly it can make no difference, whether this exemption is claimed in Benton, in an adjoining, or remote county, as the right to retain the property so exempt, attaches to the family wherever it may be in the State; whether stationary, or in the act of moving from one part of the State to another; and it is certainly unimportant, whether a removal is about to be made openly or clandestinely. The intention of the head of the family, to abscond to avoid the payment of his debts, cannot affect the right of the family to property which the law exempts from

levy and sale, for the payment of debts.    Nor indeed can we perceive, how an intention avowed, of leaving the State would alter the case ; for so long as the family remain within the State, the prohibition to levy on the exempt articles must be in force.    This question, however, though mooted in the court below, does not appear to have been expressly decided, and we shall therefore abstain from the decision of it at this time.

The judgment of the court was probably induced, by confounding the act of 1843 [Clay's Dig. 210, § 48] with the preceding section we have just commented upon.    The last cited act secures to " permanent and settled families," forty acres of land, from levy and sale by execution or other legal process.    This act is entirely distinct from the preceding, in its provisions and objects, and was properly confined to those having a permanent freehold residence.    The articles exempt by the previous law are those which are essential to the comfort, if not to the subsistence of the family, whether stationary or moving from place to place.    There is not a word in the act affording the slightest countenance to the construction put upon it in the court below, and its judgment must be therefore reversed, and the cause remanded.