## WAUGH v. BRIDGEFORD.

1. **Husband and Wife:** ABANDONMENT BY HUSBAND: WIFE'S CONTROL OF EXEMPT PROPERTY. Where a husband abandons his wife, leaving in her hands exempt property, such property is exempt in her hands from her husband's debts, (Code, § 3078,) and she may dispose of the same in such way as in her judgment may seem best, and the husband's creditors cannot complain. (Compare *Malvin v. Christoph*, 54 Iowa, 562, and *Rawson v. Spangler*, 62 Id., 59.)

2. **Conspiracy:** EVIDENCE. Evidence offered by defendant to prove a conspiracy was properly excluded where nothing was offered to connect plaintiff therewith.

*Appeal from Page District Court.*

TUESDAY, JUNE 22.

ACTION OF REPLEVIN. There was a judgment upon a verdict for plaintiff in the district court. Defendant appeals.

*James McCabe*, for appellant.

*Stockton & Keenan*, for appellee.

BECK J.—I. The plaintiff in his petition alleges that he is the absolute owner, and entitled to the possession, of the

1. HUSBAND and wife: abandonment by husband: wife's control of exempt property.

property in controversy, (a cow,) which it is alleged was wrongfully taken upon an attachment in favor of defendant, and against H. S. Wolf. The answer of defendant admits the levy of the attachment, but denies plaintiff's interest in, and claim to, the property, averring that he claims under a contract with Mrs. Wolf, who had no title or authoity to transfer the cow. It is also alleged that plaintiff's claim is in fraud of the creditors of Wolf, and that plaintiff, Mrs. Wolf, and others conspired together to conceal Wolf's property, and defraud his creditors. There was evidence tending to prove that Wolf had absconded, leaving in possession of his wife no property other than the cow in question, which she sold to plaintiff. She received in payment for the cow about one-half the price in money, which was paid her as she needed it for her own uses. The balance of the price was applied upon a claim held by plaintiff against Wolf for money advanced on his account.

II. The district court instructed the jury, in effect, that if Wolf, being the head of a family, had absconded, property exempt from his debts, when held by him, would be exempt in the hands of his wife; and if they found that Wolf left his wife no property except the cow, she would be authorized to dispose of it, and a sale by her to plaintiff, made in good faith, and without notice of defendant's claim, prior to the commencement of the attachment proceedings in which the cow was seized, would entitle plaintiff to recover. The consideration of this instruction involves the

determination of the authority of the wife to dispose of exempt property of her absconding husband. The cow in controversy in this case would be exempt from execution in the hands of the husband, for the reason that he is the head of a family. Code, § 3072. The exemption is for the benefit of the family of the debtor, not for the debtor himself. This clearly appears from the provision that, if he be not the head of a family, exemption is limited to ordinary wearing apparel, and the trunk necessary to contain the same. See § 3075. When property is exempted from execution by statute, the owner may transfer it, free from any claim of his creditors, without regard to the uses to which he devotes the proceeds, if there be no provision in the statute to the contrary. No prejudice or injustice can be wrought to the creditor by such transfer, for the reason that the property is beyond his reach, and his condition, rights and remedies would not be affected by the transfer. See *Bevan v. Hayden*, 13 Iowa, 122; *Frost v. Shaw*, 3 Ohio St., 270; *Pool v. Reed*, 15 Ala., 826; *Cook v. Baine*, 37 Id., 350; *Godman v. Smith*, 17 Ind., 152.

Code, § 3078, provides that when a debtor absconds and leaves his family the same property exempt in his hands "shall be exempt in the hands of the wife or children, or both of them." Under this provision the wife holds the exempt property, and her rights thereto, and authority over it, are the same as those of the husband when holding it. This must be so, otherwise the exemption would prove of no benefit to the wife, for whose benefit the statute was enacted. The facts of the case before us forcibly illustrate and support the doctrine we have announced. Mrs. Wolf was left with no property other than the cow, a blooded animal worth $200. It is obvious that the cow could only be used for her benefit by selling it, and it may be that receiving half the animal's value in cash, and obtaining credit for her husband for the balance, would be more beneficial to the wife than any other disposition she could make

Waugh v. Bridgeford.

of the property. At all events, she was authorized to exercise her judgment in the matter, and her husband's creditors cannot complain, for in no event could they reach the property. She possessed the same rights to the property, and the same authority to dispose of it, as was held by her husband when it was in his hands.

We need not inquire whether the right and authority were held as the agent of her husband. That she held the right and authority to dispose of the cow cannot be doubted. It would not serve to elucidate the rule we adopt to determine whether she is to be regarded as the agent of the husband. In support of our conclusions, see *Malvin v. Christoph*, 54 Iowa, 562; *Rawson v. Spangler*, 62 Id., 59.

III. It is claimed that, as the action in which the cow was attached was brought to recover the purchase money Wolf undertook to pay for the cow, the exemption provided by the statute does not apply. Code, § 3077. But the record does not establish the fact upon which the position is based. The defendant testified at the trial that Wolf executed his note for the price of the cow, and that it had been paid.

IV. Counsel for defendant urge that the verdict is not supported by the evidence, and that the motion for a new trial, based upon this ground, was erroneously overruled. We do not concur in this position. The evidence upon all the issues, including those involving the question of damages, is sufficient to support the verdict. At least, it cannot be said that there is such an absence of evidence supporting the verdict as would authorize us to set it aside.

V. Various objections, based upon rulings of the district court in excluding evidence, are made by defendant. None

2. CONSPIR- of these objections are fully argued, and some of
ACY: evi-
dence. them are but briefly suggested in argument. They are seven in number, and are presented by counsel in a little more than one page of the printed argument. The evidence in question was proposed to be introduced upon the

issue involving the fraudulent character of the sale of the cow to plaintiff, and was intended to show how many horses Wolf had on his farm at a time prior to the sale of the cow to plaintiff; the grounds of plaintiff's expectations and hopes that Wolf would return and settle his affairs; whom a certain attorney represented in making objections to the levy of a writ of attachment issued in a prior case; the refusal of an attorney of a creditor of Wolf and another person to aid one holding a chattel mortgage in identifying the property covered by it; the claim made by the same creditors to certain sheep; the record in a case wherein Mrs. Wolf was a party, in which she claimed the cow, and two mortgages executed by Wolf to different creditors. Some of the parties connected with these transactions are mentioned in the petition as conspiring to conceal Wolf's property. The plaintiff in this case is not connected by the proposed evidence with the transactions, and it does not appear that he had any notice of them. We are unable to see, in the light afforded us by the argument, any reason for sustaining defendant's objection to any of these rulings.

It is our opinion that the judgment of the circuit court ought to be

AFFIRMED.