## J. L. REDFIELD v. J. L. STOCKER, Constable, Appellant.

2 **Exemption: To Whom Available.** A buyer of property exempt in the seller may plead and prove the exemption, though the seller remain silent.

**Jurisdiction of Justice: Judgment for More Than One Hundred Dollars Prayed.** Where but one hundred dollars is in controversy, as shown by the pleadings, the justice has no jurisdiction, though judgment be prayed for a larger sum.

*Appeal from Buena Vista District Court*—HON. LOT THOMAS, Judge.

### THURSDAY, MAY 24, 1894.

ACTION to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*I. W. Bane* for appellant.

*C. A. Irwin* for appellee.

ROBINSON, J.—The petition alleges that the plaintiff is the unqualified owner of a harvester which the defendant has levied upon and taken under an attachment against the property of Robert Payne and Emma Payne; that they are husband and wife, and residents of this state, engaged in farming, and that at the time the levy was made, they claimed the harvester as exempt from levy under the attachment; that they transferred to the plaintiff, before this action was commenced, all the interest they had in the harvester. The defendant admits the taking of the machine, and

insists that it was subject to the levies he made under two writs of attachment against the property of Robert and Emma Payne. The questions we are required to determine are presented by a certificate of the trial judge.

I. This action was commenced in justice's court. The appellant contends that the justice did not have jurisdiction of the cause, on the ground that the amount in controversy exceeds one hundred dollars, and that the district court did not acquire jurisdiction by the appeal. The petition alleged that the harvester was of the actual value of ninety dollars, and that the plaintiff had sustained damages, by the wrongful detention of the harvester, in the sum of ten dollars. Judgment was asked for the possession of the property or for the value thereof, and for damages in the sum of one hundred dollars. It thus appears that judgment was asked to the amount of one hundred and ninety dollars. If the prayer for judgment controls, the justice did not have jurisdiction of the cause, unless by consent of parties. See section 3508 of the Code. But the amount in controversy determines the jurisdiction, and in this case, that was shown by the pleadings to be the harvester, which was of the value of ninety dollars, and the damage caused by its wrongful detention, which was alleged to be in the sum of ten dollars. Judgment could not have been rendered on the pleadings for more than the harvester and ten dollars, or for the value of the harvester and the damage caused by its detention, which together made a total of one hundred dollars. So far as the prayer for judgment asked for more than that amount, exclusive of costs, it was without effect. We conclude that the amount in controversy did not exceed one hundred dollars, that the justice had jurisdiction to try the case, and the district court acquired jurisdiction by appeal.

II. At the time of the transactions in controversy, Robert Payne was a resident of this state, the head of a family, and by occupation a farmer. He owned the harvester in question, and was entitled to hold it as property exempt from seizure under judicial process for the payment of his debts, but sold it to Redfield, who did not, however, take possession of it. After the sale, but while the machine remained in the actual possession of Payne, the defendant levied upon it an attachment issued against the property of Payne. The plaintiff in this action pleaded and proved these facts, and claimed that the machine was not subject to the attachment, but Payne remained silent as to whether he claimed the property as exempt. We are asked to determine whether, on these facts, the plaintiff could defeat the levy by alleging and proving that the machine was exempt from execution in the hands of Payne, when the purchase was made. The certificate shows that the machine was in fact exempt from execution while owned by Payne, and that he sold it to Redfield. The sale carried all the rights which Payne had in the machine, including the privilege of exemption from execution for the payment of his debts. *Waugh v. Bridgeford*, 69 Iowa, 336, 28 N. W. Rep. 626. Having acquired these rights, Redfield was entilted to hold the machine exempt from seizure for the debts of Payne, and it was immaterial whether, after the sale was made, Payne claimed that the machine was exempt while he owned it or not. Redfield was entitled to plead and show the facts upon which his rights were based. It is at least doubtful what question, in addition to those determined in the first part of the opinion, the certificate of the trial judge asks us to decide. The one we have just considered is incomplete. Whether proof of the facts which we have said the plaintiff was entitled to plead

and show would entitle him to recover is a question which has not been referred to by the appellant. He has discussed numerous matters which may have been involved in the determination of the case, as rulings on motions, the failure of the plaintiff to serve written notice of ownership after the levy, and the charge to the jury; but, as none of the questions so presented are set out in the certificate, we can not determine them. What we have said, disposes of all questions certified which have been argued by appellant. The judgment of the district court is AFFIRMED.