## In re BARROW.

(District Court, W. D. Virginia.   December 16, 1899.)

1. BANKRUPTCY—ASSETS—GROWING CROPS.
   Where a bankrupt is tenant of a farm under a contract reserving to the landlord, as rent, one-fourth of the crops raised on the land, the bankrupt's interest in growing crops, though they are immature and unsevered at the time of filing his petition in bankruptcy, is property which he might have transferred at that date, within the meaning of Bankr. Act 1898, § 70a, subd. 5, and therefore vests in his trustee as assets of his estate in bankruptcy; and after the crops have been severed the bankrupt must surrender the same to his trustee, or account for the proceeds.

2. SAME—CROPS GATHERED AFTER ADJUDICATION—COMPENSATION OF BANKRUPT.
   Where a bankrupt who has an interest in growing crops omits to list the same in his schedule of assets, not from any fraudulent design, but because he was advised that they would not pass to his trustee, and completes their cultivation and harvesting after his adjudication in bankruptcy, and is then ordered to surrender the crops, or the proceeds of their sale, to the trustee, he will be allowed a reasonable compensation for work and care bestowed on them from the date of the adjudication.

In Bankruptcy.   On review of decision of referee in bankruptcy.

Chas. B. Bryant, for bankrupt.
John W. Carter, for creditors.

PAUL, District Judge.   The certificate of the referee in this matter, giving a summary of the evidence, as required by rule 27, General Orders in Bankruptcy, shows the following material facts:

"The bankrupt filed his petition September 1, 1899, and was adjudicated a bankrupt September 2d.   The first meeting of creditors was held September 30, and was adjourned to October 10, 1899.   At the adjourned meeting, at the instance of certain creditors, the bankrupt was examined as to the property owned by him at the time of filing his petition.   From this examination it appeared that he was a tenant farmer on leased premises, under a contract with rent reserved, of one-fourth of the crops produced; that at the time of filing his petition he had growing crops of corn and tobacco, which he omitted from his schedules of property; that the omission was not with intent to defraud his creditors, or to conceal his true financial condition, but because he was advised that the bankrupt act did not require the listing of crops growing, immature, and unsevered at the time of filing his petition"; that subsequent to his adjudication he had gathered these crops, and had them in possession, except part of the corn crop, which he had sold.

A trustee was appointed, and the referee required the bankrupt, under section 39, subsecs. 2, 6, to amend his schedule so as to include these crops.

On the question whether a bankrupt's growing crops, immature and unsevered at the time of filing his petition, are to be surrendered by him, and administered by the trustee as part of the bankrupt estate, the referee held they are not.   The contention of the creditors that these crops passed to the trustee must be determined by the provisions of section 70a, Bankr. Act 1898.   It provides:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt,

except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him; * * * (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

These six subdivisions embrace every species of property and interests in property of which we can well conceive a man invested with ownership. The provision under subsection 5 ("property which prior to the filing of the petition he could by any means have transferred") determines this question. It only remains to inquire whether a tenant farmer, having by his contract with his landlord a three-fourths interest in a crop of any kind, whether growing or matured, severed or unsevered, can by any means transfer his interest therein. The ownership of property, whether the title be legal or equitable, carries with it the right of the owner to transfer his interest to another. The court does not concur in the view presented by counsel for the bankrupt, that an interest in a growing crop is an exception to this rule; that, by reason of the landlord having an interest of one-fourth in the crops, the tenant could not before the severance of the crops have transferred his interest of three-fourths therein. The contention cannot be sustained on principle, and, so far as the court is informed, it is without the sanction of precedent. It is by no means unusual in this state for a tenant to sell, pledge, or mortgage his interest in growing crops, and his right to do so is as unquestionable as his right to dispose of any other property of which he is the owner. "Transfer" is a very comprehensive word in the common law. It embraces every transaction which passes over or conveys property to another. The bankrupt act of 1898 (section 1, subsec. 25) provides that "'transfer' shall include the sale and every other and different mode of disposition of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security." The bankrupt's interest in the crops being such that he could have transferred it before filing his petition, the title to such interest vested in the trustee as of the date of the adjudication. The trustee is entitled to immediate possession of the property, and the bankrupt must account for such part as he has disposed of.

It appearing that the bankrupt did not omit these crops from his schedule with a fraudulent intent, he will be allowed by the trustee a reasonable compensation for the work and care bestowed on them from the date of his adjudication. The finding of the referee is reversed.