ROBERT C. JACKSON, Trustee, Appellant, v. JOHN JETTER, CAROLINE JETTER, HENRY JETTER and LOUIE JETTER, Appellees.

**Bankruptcy:** TRANSFER OF EXEMPT PROPERTY: RIGHTS OF TRANSFEREE.
1   Exempt property transferred by a husband to his wife, even though with intent to defraud his creditors, cannot be reached by his trustee in bankruptcy; since the property in the hands of the husband was not subject to the demands of creditors it was likewise exempt in the hands of the wife, regardless of his indebtedness or of the fact that the wife was not the head of the family.

**Same:** AFTER ACQUIRED PROPERTY. The property subject to the control
2   of a bankrupt court is only such as the debtor owned at the time he was adjudged insolvent; after acquired property cannot be taken for the payment of his debts.

**Same:** PROPERTY: TITLE: EVIDENCE. The presumption that personal
3   property upon a farm occupied by a father as the head of the family belonged to him, and therefore subject to his debts, may be overcome by proof that it belonged to his children, although consisting of live stock, and fed from a common granary.

**Fraudulent conveyances between husband and wife:** EVIDENCE. A
4   transfer of property by a husband to his wife, at a time when the former was involved in debt, and which constituted a preference over other creditors, will be closely scrutinized and will not be sustained, unless made in good faith. The transfer in the instant case is held to have been a fraud upon the creditors of the husband, and subject to cancellation by his trustee in bankruptcy.

*Appeal from Shelby District Court,* HON. O. D. WHEELER, Judge.

WEDNESDAY, JULY 2, 1913.

PROCEEDING by trustee in bankruptcy to recover property for the benefit of the creditors of the insolvent debtor. Decree for defendants. Plaintiff appeals.—*Modified and, Remanded.*

W . S. *Moore* and *Smith & Gunderson,* for appellant.

. *O. W. Emmons* and *Byers & Byers,* for appellees.

WITHROW, J.—1. John Jetter and Caroline Jetter are husband and wife. On March 23, 1911, John Jetter on his own petition was declared a bankrupt, and the plaintiff was appointed as trustee of his estate. John Jetter was indebted in the sum of $662.81, and claimed to have no property. The plaintiff, as trustee, claimed that he owned certain personal property, which is specifically set out in the petition. It is alleged that John Jetter had for years been engaged in farming, and up to the time of being declared a bankrupt he had held himself out to the public as the owner of the property, and had the same in his possession, all with the knowledge of his wife and children, and no claims were made by them thereto, and that credit was extended to said John Jetter as owner of the property, and in such belief; and that it was contracted by him, he permitting such belief. It is also alleged that some time within two years prior to the institution of this action, for the purpose of cheating and defrauding his creditors, and especially the creditors whose claims are established in the bankruptcy proceedings, he transferred a part of his personal property to his wife and a part to his sons, the same being without consideration, they knowing the fraudulent purpose for which the same was transferred, and participating in said fraud. The two sons are minors; one being fourteen and the other about seventeen years of age. That the said personal property is all the property owned by said

John Jetter, unless it be some real estate in Crawford county transferred to his wife, which conveyance is asked to be set aside. Plaintiff asks that John Jetter be decreed to be the owner of the property, and that the same be subjected to the payment of his debts.

The defendants admit the bankruptcy of John Jetter and the establishment of the indebtedness alleged, but deny that John Jetter was the owner of any of the said property at the time of filing of his petition in bankruptcy, and that a number of the articles set out in the petition were not owned by the defendant, but that the balance of it was so owned by others long prior to the filing of the petition in bankruptcy, and denying every allegation not admitted. The defendant Caroline Jetter claims that for many years they have been living on a rented farm, which was rented and operated by her, and that all of the personal property thereon was hers; and that she had bought the same for a valuable consideration, and had had the possession, and had exercised absolute control over same, and whatever authority was exercised by John Jetter was simply as her agent or servant. Defendants also plead their rights under the exemption laws. The guardian ad litem for the minors filed an answer in general denial, and also a cross-petition, claiming the ownership of a gasoline engine on truck and a corn sheller, one black horse named "Betty," and one hog as the property of Henry Jetter, and the bay mare named "Dolly" as owned by Louie Jetter, and asked that the same be so decreed. The trial court held that it was without jurisdiction as to the real property in Crawford county, the action having been brought in Shelby county, and no other real property was sought to be affected by the proceeding. Code, section 3491. This conclusion is not challenged on this appeal, but appellant's argument is directed solely to his right to have the personal property in controversy subjected to the claims of the creditors of John Jetter, the bankrupt debtor. We, therefore, give no

futher consideration to the real property, but pass directly to the argued questions.

II. It appears from the record that the indebtedness scheduled by Jetter in his application to be declared bankrupt consisted of obligations upon which he was liable as surety. It also is satisfactorily shown that it was the purpose, on the part of himself and his wife, to avoid the payment of such indebtedness by taking the benefit of the bankrupt law. We therefore must determine the right to exempt property, and whether the property sought to be recovered in this proceeding, or any part of it, was transferred from Jetter to his wife, Caroline Jetter, or to his children at such time and in such manner as to render the transfer fraudulent as to his present creditors in bankruptcy, and also whether crops planted after the adjudication of bankruptcy, and property claimed by the children of Jetter, who are made defendants, can be subjected to the payment of his debts.

III. A part of the property sought to be recovered by the trustee in bankruptcy is of the character which is exempt to the head of a family. This property it is claimed belongs to the wife of Jetter, her ownership being based upon an alleged transfer from her husband to herself at a time when, although before the filing of the petition in bankruptcy, he was liable upon the indebtedness shown by his schedule. This transfer, it is claimed, was in consideration of an indebtedness owing from Jetter to his wife for money advanced at the time of their marriage, and of which indebtedness no note or memorandum was made. The evidence upon the subject warrants the conclusion that the transfer, if actually made, was upon the demand of the wife, who appears to have been the managing force in their business affairs. Assuming the alleged transfer to have been of such character as to require Jetter and his wife to clear it from the suspicion or presumption of fraud if the property conveyed had been subject to the rights of creditors against it,

1. BANKRUPTCY: transfer of exempt property: rights of transferee.

yet if it was of such nature that it would have been exempt to Jetter from the claims of the creditors in bankruptcy, that exemption could be claimed by his transferee. *Redfield v. Stocker,* 91 Iowa, 383; *Millington v. Lauer,* 89 Iowa, 322; *Pearson v. Quist,* 79 Iowa, 54. In other words there can be, as against the rights of unsecured creditors, no fraud of which law or equity will take cognizance, if the property so transferred could not have been taken by attachment or execution to satisfy the indebtedness.

It is urged by appellant that as Jetter conveyed the property in fraud of creditors, and as his wife is not the head of the family, neither can claim the exemption. Neither proposition is correct as applied to this case. Jetter had the right to transfer exempt property regardless of his indebtedness, and his wife, not as the head of a family, but if valid sale was made, as his vendee, as to such property was entitled to the protection which the exemption laws would have thrown over it had it been retained by him. See cases above cited.

IV. The property which is subject to the control of the bankruptcy court is that owned by the debtor at the time he is adjudicated to be insolvent. After-acquired property may not be taken for the payment of bankrupt debts. Jetter was adjudicated to be a bankrupt on March 23, 1911. This action was commenced on July 13, 1911. In this proceeding the trustee seeks to hold for the creditors, subject to a landlord's lien for rent, ten acres of growing wheat, twenty acres of growing oats, and seventy acres of growing corn. Aside from the question whether such growing crops belonged to John Jetter, or to his wife, Caroline Jetter, who claimed to be operating the farm, the record shows that they were planted after March 23, 1911, the date of the bankruptcy adjudication, and therefore were not at such time, nor subsequently, property which would be subjected to the debts of the insolvent. In principle see Loveland on Bankruptcy (3d Ed.) section 175; *In re Barrow* (D. C.) 98 Fed. 582; section 70-a, Bankrupt Act 1898.

2. SAME: after acquired property.

V. We are of the opinion that the proof fairly establishes the ownership of the gasoline engine and power corn sheller, in Henry Jetter, minor son of defendant. He had been permitted by his father to work for others and to use his earnings for his own purposes; and the engine and sheller now sought to be held are shown to have been purchased by him, partly by trade of an engine, and the balance in cash. The same facts as to earnings and purchase apply to the horse Betty and one hog given to him by a neighbor, none of which property is shown to have been the subject of transfer between Jetter and his son. Likewise the proof of ownership of one horse by the son Louie Jetter, and of a horse and cow by the daughter, Mary, is sufficient to warrant that which, from its general finding, we assume to have been the conclusion of the trial court. The situation is that not unusual one on the farm, where the children are encouraged in habits of industry and thrift by permitting them to retain their personal earnings, own stock, and feed it from the common granary, without charge or expectation to pay. And where there is no other evidence of ownership by the debtor than the presumption arising from its being on the premises occupied by him, and with proof meeting and overcoming this presumption in a measure that is reasonable and satisfactory, we cannot hold it to be liable for the debts of the father.

3. SAME: property: title: evidence.

VI. While the questions thus far determined are decisive against plaintiff, the appellant, as to a considerable part of the property, yet there remains another question, arising out of the claim by Caroline Jetter of property which is, in addition to the exempt property, based upon the alleged transfer to her. How much or little this may be in value we cannot satisfactorily determine. It may be, after permitted deductions are made, that but little more than the name of this action will survive, yet in the light of the record we are not warranted in holding the remaining question

4. FRAUDULENT CONVEYANCES BETWEEN HUSBAND AND WIFE: evidence.

to be a moot one, but must consider and decide it. The transfer of the disputed property from the husband to the wife was prior to the filing of the petition in bankruptcy, but as to the time they are not agreed. She states that it was three or four years prior to 1911, he, that it was a year or two or less. A consideration of the evidence leads to the conclusion from it that, whatever the transaction may have been, its purpose was to avoid the payment of his indebtedness as surety on the notes scheduled by him in bankruptcy, and that the alleged transfer, therefore, was after such liability had arisen. Such conditions arising, we are required to scrutinize the transaction most closely, not losing sight of the right of the wife to thus protect herself if she had at the time a valid, existing indebtedness against her husband. *Shircliff v. Casebeer*, 122 Iowa, 618.

The husband and wife are not entirely agreed in their testimony as to the amount of money alleged to have been advanced to him by her at the time of their marriage. He states that she had ''between five and six, between seven and eight hundred dollars,'' which she let him have, and upon which he agreed to pay interest. In her testimony before the referee in bankruptcy Mrs. Jetter fixed the amount at $800, and in the trial in the lower court at $734, perhaps not a substantial or material variance, when it is considered that no note was taken and many years had passed and memory may have been at fault. She testifies that at the time she demanded a settlement with her husband the indebtedness with interest amounted to over $1,300, and that all the money he had in the bank, which was turned over to her, being insufficient to satisfy the claim, he at her request also delivered to her as her own, in payment of the indebtedness, all of the property on the farm leased by them. No inventory was made, no valuation was placed upon the property, no written contract or bill of sale was executed, and no receipt was given. With the funds thus received, added to some of her own, town lots in Crawford county were purchased, title being taken by her.

We have grave doubt as to the good faith of the transaction. As one reads the record, with the light which is thrown upon it by the necessity then appearing to the wife and husband to avoid the surety debts, the unsatisfactory proof in support of the claim of the loan made by wife to husband, the clearly established fact that during the years preceding such transfer the husband was not only the apparent, but actual, owner of the property on the farm, that the business transactions as to the sale of stock and products were all by him or in his name, and that all these facts were known by her, and that under such circumstances he incurred the liability now sought to be avoided by the pretended transfer, present a state of facts which equity cannot accept as satisfying in her claim for the property in controversy. *Savings Bank v. Glick*, 134 Iowa, 323, and cases therein cited.

We must hold that, as to the trustee in bankruptcy and the creditors represented by him, the transfer from John Jetter to Caroline Jetter was fraudulent.

This conclusion requires some modification in the decree of the lower court. The case will be remanded to the trial court to determine the property subject to the control of the plaintiff as trustee in bankruptcy, to apply to the indebtedness of John Jetter, excluding therefrom the exempt property as considered in this opinion, and that found to belong respectively to Louie Jetter and Henry Jetter. The costs of this appeal will be taxed, one-half to plaintiff, appellant, and one-half to Caroline Jetter, appellee.

The decree of the trial court is modified and *Remanded.*