## JENNINGS v. JOHNSTON.

No. 5245. Opinion Filed November 2, 1915.

Rehearing Denied November 11, 1915.

(152 Pac. 606.)

**JUSTICES OF THE PEACE—Jurisdiction—Amount Involved—Pleading.** In a case in a justice court where defendant files an answer in the nature of a bill of particulars, itemizing and setting forth a claim against the plaintiff in an amount within the jurisdiction of the court, but prays for judgment in a sum in excess of the jurisdictional limit of such court, the allegations in the bill of particulars pleading specific facts as to the amount claimed, and not the relief asked in the prayer, constitute the criterion which controls in determining the amount involved.

(Syllabus by Bleakmore, C.)

*Error from County Court, Seminole County;*
*A. S. Norvell, Judge.*

Action by D. O. Jennings against J. W. Johnston. Judgment for defendant, and plaintiff brings error. Affirmed.

*John W. Willmott,* for plaintiff in error.

*Cutlip & Horsley,* for defendant in error.

Opinion by BLEAKMORE, C. This is a landlord's attachment suit for rent, commenced in a justice court of Seminole county, by D. O. Jennings, against J. W. Johnston.

Plaintiff claimed $105 under a verbal contract. Defendant, in an answer in the nature of a bill of particulars, admitted the use of the land under the contract, and alleged that plaintiff had failed and refused to make certain improvements upon the premises in accordance with the provisions of the contract, by reason of which he had been damaged in the aggregate sum of $85; that plaintiff had deprived him of the use of five acres of the land before the expiration of his term, thereby damaging him in the sum of $5; that plaintiff refused to furnish a team for use in the cultivation of the land, to his damage in the sum of $25; that, growing out of the transaction, plaintiff was indebted to him as follows: $10 for cutting stalks; $1.25 for clearing land; $1.25 for hauling cotton; $5 for plowing; and $45 for certain potatoes plowed up and destroyed. There was prayer for judgment against plaintiff for $206.

Defendant recovered before the justice. Plaintiff appealed to the county court, where there was trial to a jury, resulting in judgment for defendant in the sum of $50, and plaintiff again appeals.

There are numerous assignments of error, under one of which it is urged that the amount claimed by the prayer

of defendant's bill of particulars, being more than $200, and in excess of the jurisdictional limit of the justice, ousted that court of the power to hear and determine any matter arising thereon, and, the jurisdiction of the county court being merely appellate and dependent upon that of the justice, that the county court was likewise without jurisdiction to entertain the cross-petition presented by said bill of particulars.

That point urged, being otherwise well taken, will not avail the plaintiff, for the reason that the aggregate amount claimed as itemized and set forth in defendant's bill of particulars, independent of the prayer, is less than $200, and within the jurisdictional limit of the justice court. Where, as in the present case, a prayer is inconsistent with the allegations in such bill of particulars, the specific facts pleaded as to the amount claimed therein, and not the relief prayed for, constitute the criterion which should control in determining the amount involved. The obvious error in calculation inadvertently carried into the prayer was not of itself sufficient to oust the jurisdiction of the justice. *Redfield v. Stocker*, 91 Iowa, 383, 59 N. W. 270; *Times Pub. Co. v. Hill*, 36 Tex. Civ. App. 389, 81 S. W. 806; *Second Nat. Bank v. Hutton*, 81 Ind. 101.

It is deemed unnecessary to consider at length the questions presented by the other assignments.

An examination of the record discloses no error prejudicial to the rights of the plaintiff, and the judgment should therefore be affirmed.

By the Court: It is so ordered.