### GYLLING v. KJERGAARD et al.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1923.)

No. 6210.

1. **Bankruptcy ⬤══398(3)—Mortgagees held entitled to possession of proceeds of sale.**

Where bankrupt by his mortgage in express terms authorized mortgagees, whenever they should choose to do so, to take immediate possession of mortgaged property, that authority extended with equal force to the proceeds of a sale in bankruptcy of exempt property, though the mortgage was given only to secure the mortgagees, against liability on promissory notes, which they had not yet been required to pay, and regardless of the fact that they were not entitled to a dividend out of the estate.

2. **Bankruptcy ⬤══467—Presumed that bankrupt selected and claimed exempt property, and that it was properly set apart.**

By stipulation of the parties, an order of referee for sale of exempt and unexempt property, and segregation of the proceeds of the exempt property, all question as to the selection and separation of exempt property by the bankrupt or another *held* waived, and, in the absence of the evidence of the method pursued, the legal presumption must be indulged that the bankrupt selected and claimed, and the court set apart and allowed, his exemptions in accordance with Code Iowa, § 4008.

3. **Bankruptcy ⬤══398(3)—Chattel mortgagee entitled to benefit of exemptions.**

Where personal property mortgage consisted of both exempt and unexempt property, but mortgage was invalidated as to unexempt property by mortgagor's bankruptcy, mortgagees were entitled to require the mortgagor to select the exempt property, under Code Iowa, § 4008, or a court of equity could make or cause such selection and claim to be made on the application of the mortgagees.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of the estate of Niels Gylling, bankrupt. From a decree holding a mortgage to Jens P. Kjergaard and others valid as to exempt property, the bankrupt appeals. Affirmed.

Addison G. Kistle, of Council Bluffs, Iowa (H. J. Mantz and Charles S. White, both of Audubon, Iowa, on the brief), for appellant.

S. C. Kerberg and L. L. Ryan, both of Audubon, Iowa, for appellees.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, Circuit Judge. Niels Gylling, a farmer in Iowa, mortgaged his personal property, a part of which was and a part of which was not exempt from execution, to secure the mortgagees against loss on account of their signing of his promissory notes. Within four months thereafter he filed a voluntary petition in bankruptcy and was adjudged a bankrupt. On the petition of the bankrupt and the trustee, the referee held the mortgage preferential and set it aside as against both the property described therein which was and that which was not exempt from execution. On a petition for review the District Court held that the mortgage was not void as to the exempt property and ordered that part of the proceeds of the sale of the mortgaged property which had been derived from the property exempt from execution to be turned over to the mortgagees. The bankrupt alone has appealed from this decree.

Counsel for the bankrupt argue that the decree should be reversed and the proceeds of the exempt property should be paid over to the bankrupt: (1) Because the mortgagees did not prove that they had been compelled to pay or had paid any of Gylling's notes to indemnify them for the payment of which the mortgage was made; (2) because the mortgagees' proofs of their claims did not entitle them to a dividend under section 4 of General Order No. XX in Bankruptcy, which provides that no dividend shall be paid upon claims proved by persons contingently liable, "except upon satisfactory proof that it will diminish pro tanto the original debt"; and (3) because the mortgagees' proofs of claims did not set forth the $150 in cash which the referee found each of the mortgagees loaned to the bankrupt in reliance upon the mortgage a week or two after it was executed. This argument, however, has not proved convincing, because none of the issues suggested by it is here for review.

On July 23, 1921, the mortgagees filed with the referee affidavits in which they alleged, among other things, that the consideration of the bankrupt's debt to them was their signing of and liability on his promissory notes, which they described clearly in their affidavits, and which amounted to some $7,000, attached a copy of the chattel mortgage to each of their affidavits, and prayed that the mortgage be enforced against the mortgaged property or the proceeds thereof. On July 29, 1921, the bankrupt and the trustee in bankruptcy filed petitions that the chattel mortgage be set aside and adjudged void as to both the property exempt and that not exempt from execution against the bankrupt, on the ground that the mortgage was made within four months prior to the filing of the petition in bankruptcy, while the bankrupt was insolvent, and its intended and actual effect was to give a preference in payment of the bankrupt's liability to the mortgagees over the payment of his liability to other creditors. Thereupon, on July 29, 1921, the mortgagees, the trustee, representing all the other creditors, and the bankrupt stipulated, and the referee ordered, and that order was subsequently obeyed, that all the property belonging to the bankrupt estate, including the exempt property, should be sold by the trustee, that he should keep a separate account of the sale of all the exempt property, and the proceeds thereof should be held in lieu

of that property to abide the decision of the court whether these proceeds should be paid to the bankrupt or applied on the chattel mortgage. Under this stipulation the court below has decreed that the proceeds of the exempt property be turned over to the mortgagees. The trustee for the creditors prayed for this disposition of these proceeds in the court below, and the bankrupt alone objects to it here.

[1] But the bankrupt, by his mortgage, in express terms authorized the mortgagees, whenever they should choose to do so, to take immediate possession of the mortgaged property, that authority extends with equal force to the proceeds thereof, and the mortgagees choose to take possession of these proceeds. If the bankrupt owes them nothing on account of their liability on his notes, they will hold those proceeds as security for any liability which they may be subsequently called upon to discharge, and, when all such liability ceases, then for the benefit of the bankrupt. The fact, however, that they have not yet paid any of the notes, which, upon the record they appear to be liable to pay, is no reason why they should not have and hold the possession of these proceeds of the exempt property as they held that property to indemnify themselves against that liability. And the fact, if it be a fact, that the mortgagees' affidavits do not entitle them to a dividend out of the estate of the bankrupt held by the trustee for the general creditors, or that they did not allege in their affidavits the loan of the $300 in reliance upon the mortgage, is neither material nor relevant to the issue whether or not they are entitled to the possession of the proceeds of the exempt property.

Another, and the main, argument of counsel for a reversal of the decree below, is that the property mortgaged at the time the mortgage was made consisted of both exempt and unexempt property, that while the mortgagor was entitled to select and claim a part of this property as exempt, for example, five horses were mortgaged and he had the right to select and hold two as exempt (Statutes of Iowa, § 4008), he had not made his selection or claim, and no one could then tell what part of the property was or would be exempt, that this right of selection and exemption was a personal right of the mortgagor, and that the mortgagees cannot enforce this right against him. In support of this position they have cited, and the court has examined, In re Soper (D. C.) 173 Fed. 116; In re French (D. C.) 231 Fed. 255, 265; In re Falconer, 110 Fed. 111, 49 C. C. A. 50; In re Dautz (D. C.) 272 Fed. 348, 350; In re Talbott (D. C.) 116 Fed. 417; In re Schuller (D. C.) 108 Fed. 591, 592.

[2] But there are two reasons why the decree below ought not to be reversed on this ground. The first is that by the stipulation of the parties, the order of the referee for the sale of the exempt and the unexempt property separately and the segregation of the proceeds of the exempt property, all question as to the selection and separation thereof by the bankrupt or another has been waived and, in the absence of evidence of the method pursued, the legal presumption must be indulged that the bankrupt selected and claimed, and the court below set apart and allowed, his exemptions in accordance with the provisions of the law.

[3] And, in the second place, if by his stipulation and action subsequent to his execution of his mortgage he waived nothing, nevertheless, by his mortgage itself he estopped himself from maintaining any claim to any of his exempt property as against the mortgagees as long as they remained under any possible liability to pay the bankrupt's notes which they signed for him. If all the property described in the mortgage had been exempt, it is certain that the mortgagees could have held it against him and could have enforced, or compelled him to enforce, every right which he had to it when the mortgage was made. No sound reason occurs to us why they have not the same right to enforce for their benefit every right he had in the property described in the mortgage in controversy, which, by his selection, he had the lawful power to render exempt, including the power to select and claim such exemption. Nor does it seem doubtful to our minds in case of his refusal to select and claim such an exemption that it would be the duty of a court of equity to make or cause such selection and claim to be made on the application of the mortgagees. The mortgagor, by his execution of the mortgage, bound himself to do all in his power to select and vest in the mortgagees the mortgaged property he has the right to select and cause to be exempt from the claims of other creditors. Weber v. Lorenzen, Trustee, et al. (C. C. A. 8th Ct.) 292 Fed. 41, opinion filed August 1, 1923; Jackson v. Jetter, 160 Iowa, 571, 142 N. W. 431; Redfield v. Stocker, 91 Iowa, 385, 59 N. W. 270; Mendon v. Mell, 185 Mo. App. 510, 172 S. W. 484; Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770; F. Mayer Boot & Shoe Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; C., B. & Q. R. R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306; In re Hatch (D. C.) 102 Fed. 280; Vitzhum v. Large (D. C.) 162 Fed. 685; In re Bailey (D. C.) 176 Fed. 990; First National Bank v. Lantz, 202 Fed. 117, 120 C. C. A. 271; In re Little (D. C.) 110 Fed. 621.

In Weber v. Lorenzen, supra, this court had occasion to determine a similar question which arose, as did the question in hand, under the statutes of Iowa and the decisions of the Supreme Court of that state. In that case some months before his adjudication, a farmer, while insolvent made a bill of sale of a large amount of his exempt and unexempt property to his mother. At the suit of his trustee in bankruptcy this conveyance was held fraudulent as to creditors and set aside by the District Court. The mother, the grantee in the bill of sale, notwithstanding the avoidance of the conveyance to her as to creditors, claimed that part of the property described therein which the vendor might have selected and held as exempt at the time he made the bill of sale, although the bankrupt had never selected or claimed any of this property as exempt and it was only a part of the property conveyed. The trial court held this exempt property, and the property not exempt described in the bill of sale all passed to the trustee. Lewis, Circuit Judge, delivering the opinion of this court, speaking of the trustee, said:

"His contention is that the exemption is personal to the bankrupt, and that he did not claim it in his bankruptcy schedules (Bankruptcy Act, § 7, cl. 8 [Comp. St. § 9591]), and, secondly, that appellant [the grantee of the bankrupt] cannot claim it. * * * To maintain the second contention it is necessary to hold, as matter of law, that the mother could not protect her title on the claim which she set up in her answer, that the personalty was exempt to the bankrupt and free from the claim of creditors at the time the bankrupt conveyed it to her by the bill of sale."

Speaking of the decisions of the Supreme Court of Iowa, he said:

"That court expressly held in Jackson v. Jetter, 160 Iowa, 571, 142 N. W. 431, that unsecured creditors have no right to exempt property, and that as to such property the law took no notice of fraudulent conduct in its disposition, that the holder of such property had a right to transfer it in disregard of his creditors and that his vendee was entitled to the same protection which the exemption laws of the state gave to his vendor if the latter had retained it, and that the exemption could be claimed by his transferee. The same principle is announced in Redfield v. Stocker, 91 Iowa, 383, 59 N. W. 270, the syllabus in that case reading: 'A buyer of property exempt in the seller may plead and prove the exemption, though the seller remained silent.' "

And although the exempt property had never been selected or claimed by the bankrupt, and was only a part of the personal property he conveyed to his mother, this court reversed the decree of the court below as to this exempt property and ordered that court to—

"find what property named in the bill of sale was exempt to the bankrupt under the state statute on December 6, 1921 (the date of the bill of sale) and as to such property adjudge title thereto in the appellant (the vendee)."

And the conclusion in the case at bar is that there was no error in the disposition of the exempt property by the court below in its decree.

Counsel for the bankrupt press a final objection to that decree, but it is not suggested in the assignment of errors and is not material to the disposition of any specification of error therein. It is accordingly disregarded.

Let the decree below be affirmed, with costs against the appellant.