## TULSA CAB CO. v. WARFIELD.

No. 29816. April 1, 1941.

Rehearing Denied April 23, 1941.

*112 P. 2d 366.*

Harlan S. Trower, of Tulsa, for plaintiff in error.

Elmer W. Adams, of Durant, for defendant in error.

CORN, V. C. J. This appeal involves the constitutional and statutory provisions relative to the denial of appeals from judgments of courts not of record concerning causes of action involving less than $20. Section 19, art. 2, Const.; section 1017, O. S. 1931. It also involves section 415, O. S. 1931, providing that an offer to confess judgment in part may be made without prejudice to the rights of the defendant in the trial of the case.

This case originated in the justice of the peace court, and while the parties appear here in converse order to their appearance in said court, for convenience said parties are referred to herein as plaintiff and defendant, according to their original appearance.

The facts in the case are briefly and substantially as follows: The plaintiff filed an action in the justice of the peace court against the defendant for property damages sustained in an automobile collision for a sum less than $20, and the defendant filed a cross-bill of particulars for a sum in excess of $20. Notwithstanding the cross-bill of particulars, the defendant filed a stipulation offering to confess judgment for $9. The cause was tried to the court, without a jury, in the absence of the defendant, the defendant having failed to appear at the trial, and the court rendered judgment upon the evidence of the plaintiff for the plaintiff in the sum of $10. Thereafter, on motion of the defendant, the court set aside the judgment and reset the cause for trial. At this trial the court was permitted to render judgment upon the stipulation of facts and did so without the introduction of any evidence other than the stipulation, and again judgment was rendered for the plaintiff for $10.

The defendant appealed the case to the court of common pleas upon transcript from the justice court. At the trial of the cause in said court the plaintiff moved to dismiss the appeal for the reason that the court had no jurisdiction of the appeal. In support of the motion the plaintiff introduced evidence over the objection of the defendant, and the court, having heard the evidence and the argument of counsel, denied jurisdiction and dismissed the appeal. From said order and judgment of dismissal, the defendant brought its appeal to this court.

The defendant based its right to appeal on its cross-bill of particulars, which exceeded in amount the sum of $20. The court of common pleas held as a ground for dismissal that the cross-bill of particulars was not filed in good faith, but as a means of appeal, stating that it was inconsistent with defendant's offer to confess judgment, that the defendant could not go to trial with an offer to confess judgment for $9 and at the same time rely on the cross-bill of particulars; thus holding that the amount actually involved was less than $20 and that the court therefore did not have jurisdiction of the appeal.

In this we think the court of common pleas was in error. Section 415, O. S. 1931, provides that the defendant may offer in court to confess judgment for part of the amount claimed, and that "The offer shall not be deemed to be an admission of the cause of action, or the amount to which the plaintiff is entitled, nor be given in evidence upon the trial." Contrary to the provision of said statute, said offer to confess judgment was considered by the court as an admission prejudicial to the right of the defendant to prosecute its appeal upon its cross-bill of particulars.

Aside from the cross-bill of particulars feature of the case, there is no contention as to the constitutional and statutory provisions that an appeal cannot be taken from the final judgment of a justice of the peace where the amount involved is less than $20.

The amount involved in the action, insofar as the jurisdiction of the court is concerned, is determined by the pleadings in the case, and in this case each party was claiming damages against the other by reason of negligence resulting in the damages claimed in their respective pleadings, and the defendant was

entitled to go to trial upon the issues of fact raised in its cross-bill of particulars.

The judgment of the court dismissing the appeal is reversed and the cause is remanded, with directions to set aside the order of dismissal and proceed with the trial of the cause.

WELCH, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.