WILLIAMS et ux. v. LACOUR.

No. 30366. April 4, 1944.

*147 P. 2d 462.*

L. A. Wallace, of Okmulgee, for plaintiffs in error.

James M. Hays, Jr., of Okmulgee, for defendant in error.

PER CURIAM. This action was commenced in the justice of the peace court, Okmulgee county, Okla., by Pete Lacour, who sought to recover damages against Cliff Williams and Mrs. Cliff Williams, defendants, for the sum of $25. The cause was transferred on affidavit of change of venue, and on September 6, 1940, a trial to the court without the intervention of a jury resulted in a judgment in favor of plaintiff and against the defendants in the sum of $17.50.

The defendants appealed from said judgment to the county court. On November 9, 1940, plaintiff filed a motion to dismiss for the reason that plaintiff claimed he had abandoned any claim for more than the amount of the judgment for $17.50, and therefore the cause did not involve more than $20. The trial court overruled the motion to dismiss and tried the cause on the original bill of particulars and the answer and cross-petition filed by Cliff Williams et al. Judgment was in favor of the defendants Cliff Williams et al., for $46.20.

The plaintiff filed a motion for new trial, and on the 23rd day of November, 1940, the trial court granted a new trial in effect vacating the judgment for the defendants and sustaining the plaintiff's original motion to dismiss the appeal.

From this latter order the defendants have appealed and present the single error, to wit, that the trial court erred as a matter of law in dismissing the appeal for the reason that it involved less than $20. In our opinion the order and judgment of the trial court dismissing the appeal from the justice of the peace court to the county court must be reversed. 39 O. S. 1941 § 250 provides that an appeal may be taken from a final judgment of a justice of the peace court, but provides that no appeal shall be taken from an action involving less than $20. In Tulsa Cab Co. v. Warfield, 188 Okla. 642, 112 P. 2d 366, this court held that where an action is brought before the justice of the peace for an amount less than $20 and the defendant filed a cross-action claiming $42, the court could not limit the right to appeal where the judgment was for the plaintiff for only $10. We hold that the rule is applicable in this case, and that the plaintiff could not by reducing his claim after judgment for $17.50, below the $20 provided by 39 O. S. 1941 § 250, prevent the right of defendants to appeal and present their case de novo. See, in this connection, Albaugh Bros. Dover Co. v. White, 26 Okla. 24, 108 P. 2d 360; Jennings v. Johnston, 52 Okla. 443, 152 P. 606; Turner v. Pickering, 175 Okla. 608, 53 P. 2d 1124; Tulsa Cab Co. v. Warfield, supra.

The cause is reversed and remanded, with directions to the trial court to vacate its order dismissing the appeal from the justice of the peace court and enter judgment for the defendants for $46.20, together with costs of the action.

Reversed and remanded with directions.